CURRY *against* PRINGLE.

*A party, who extends the power of a court of special jurisdiction to a case to which it cannot lawfully be extended, is a trespasser. Where a warrant is issued from a justice's court, against a person having a family, at the instance of the plaintiff, without the proof required by the act, it is at the peril of the party; and if the defendant has been arrested, he may have an action of false imprisonment against the plaintiff.*

THIS was an action for false imprisonment, and was tried at the *Otsego* circuit, in 1814, before Mr. Justice *Van Ness*.

The plaintiff was a man having a family, residing in the county of *Otsego*, where he had lived for eight or ten years, and was arrested in *August*, 1813, on a warrant issued from a justice's court in that county, without oath, and was detained for about half an hour. The plaintiff lived in *Milford*, and the defendant in *Richfield*, distant twenty-six miles from each other; and the plaintiff had, in *April*, 1812, in the town of *Richfield*, declared that he was not a man with a family. After his arrest, the plaintiff said that he was a man with a family; upon which the defendant, to avoid the danger of being nonsuited in the court below, provided the plaintiff's declaration was true, discharged him from the arrest.

The judge directed the jury to find a verdict for the plaintiff for nominal damages, subject to the opinion of the court, on the facts above stated; if the court should be of opinion that the defendant was not liable, a nonsuit was to be entered; but if he was liable, the verdict was to stand.

The case was submitted to the court without argument.

YATES, J. delivered the opinion of the court. It appears that the plaintiff was an inhabitant of the town of *Milford*, in the county of *Otsego*, the same county in which the justice and the defendant resided. The imprisonment, in this case, was illegal, and the party is entitled to remuneration for the injury sustained. To authorize the issuing of a warrant in the first instance, the defendant ought to have proved, to the satisfaction of the justice, that the plaintiff was about to depart from the county, or that he was in danger of losing his debt. This was not done, and the justice proceeded against the plaintiff as an inhabitant having no family. From the facts in the case it is evident that those proceedings were had on the suggestion, and at the instance, of the defendant, in whose favour the process issued, which must be deemed to have been done at his peril. He ought, therefore, to be responsible. It might, perhaps, have

been otherwise, if the justice, as the agent of the defendant, had voluntarily and officiously issued the warrant, without any direct authority for that purpose. This would not have implicated the defendant, and the justice, in such case, might be considered as having assumed the responsibility of the measure adopted by him, and, of course, ought to be held liable for the consequences. But the officer who executed the warrant declared that he took the plaintiff at the instance of the defendant. He, therefore, was not only acquainted with the issuing of the warrant, but directed the service of it in the manner stated, so that the remedy for the injury sustained is properly sought from him. The rule is strict, that in a court of special and limited jurisdiction, the party becomes a trespasser who extends the power of the court to a case to which it cannot lawfully be extended. (2 *Johns. Cases*, 51. and in the cases there cited.)

It might, perhaps, be questioned whether, on the merits, the plaintiff ought to recover any thing. In *April*, 1812, in the town of *Ridgfield*, and at a distance of twenty-six miles from his residence in *Milford*, he declared that he was not an inhabitant having a family, when, in truth, it was otherwise. This evidence tended to show (and it is not unreasonable from it to infer) that his motive in making the false representation was to mislead the defendant with a view of future advantage; and if it cannot wholly exonerate him, it certainly warranted the verdict for nominal damages. The verdict, according to the terms stated in the case, depends altogether on the liability of the defendant, and that, according to the principles before stated, must be determined in favour of the plaintiff, and judgment must be entered accordingly.

Judgment for the plaintiff.