Per Curiam.

The evidence before the jury would not warrant the conclusion of any imposition having been practised upon the defendant, in procuring the advertisement offering the reward ; but independently of this, the proof shoxved services performed, sufficient to support the judgment, and the only question in the case is, whether the justice erred in not granting a second adjournment. We think that he did not. The object of the adjournment, as avowed, was to procure the testimony of a certain witness; and the plaintiff offered to admit, and did admit, what it was alleged the witness would prove. This was, at first, accepted by the defendant, but, afterwards, other claims were set up, which convinced the justice that delay xvas the object. The justice must have the right of exercising some discretion on this subject. The act (1 N. R. L. 389.) requires him to postpone the ' trial for such reasonable time as will enable the defendant to procure testimony or witnesses. If the plaintiff will admit the testimony, no time can be wanted for that purpose; besides, *344 in this case, the defendant had agreed to go to trial upon such ac¡m¡gs¡onSj and fe ought not, afterwards, to be permitted to violate such agreement. The claim to an adjournment must be deemed to have been waived : the judgment must be affirmed.
Judgment affirmed.