## MASTERS vs. JOHNSON.

A justice of the peace is a trespasser, who *exceeds* his jurisdiction.

A justice has no jurisdiction to require of a person brought before him under the bastardy act, to give bond to the overseers of the poor, and to commit for refusal.

A justice who has jurisdiction of the matter and person, is not liable for error in judgment.

TRESPASS and false imprisonment.

PLEA—Not Guilty.

The facts proven, are stated in the opinion of the court, by the

PRESIDENT.—The verdict has been taken, by consent, for the plaintiff, subject to the opinion of the court on the question made by the counsel for the defendant, whether the evidence adduced by the plaintiff, was sufficient to maintain the action.

The action is, trespass and false imprisonment; and the plaintiff, in support of his action, has proven that he was arrested and brought before the defendant, who was then acting as a justice of the peace, on a complaint made by a woman, under the provisions of the " act for the support and maintenance of illegitimate children;" that the defendant advised the plaintiff to settle with the complainant; the plaintiff refused to make any settlement with her; the defendant then drew a bond to the overseers of the poor of the township, conditioned to free the township from all charge, and also a recognizance for the plaintiff's appearance at the next court of common pleas, and required the plaintiff and his surety to execute both; the plaintiff offered to enter into the recognizance for his appearance at the next court, and also offered unexceptionable security, but refused to execute the bond to the overseers of the poor; and, on such refusal, the defendant made out a mittimus and gave it to the constable, on which the plaintiff was committed to jail.

Two propositions are made by the counsel for the defendant; first, that the defendant acted correctly, in the discharge of his duty as a magistrate, in requiring the plaintiff to give bond to the overseers of the poor, and in committing him for refusing to give such bond: and secondly, that if the defendant was mistaken, in requiring a bond to the overseers of the poor, and in committing for refusal to execute such bond; that such mistake will not render him liable in this form of action, he having acted as a judicial officer in a case within his jurisdiction.

If either of these propositions are well founded in law, the verdict in this case must, according to the agreement of the parties, be entered for the defendant.

If the defendant, as a justice of the peace, had jurisdiction to commit the plaintiff, but proceeded *inverso ordine*, or erroneously, he is not liable; but if he had not jurisdiction, the action well lies; case of the Marshalsea, 10th Coke Rep. 68. And further, " a judicial officer, acting honestly in a case where he has jurisdiction of the matter and of the persons, is not liable to the suit of the party prejudiced by his mistake of the law." Briggs vs. Wardwell, 10th Mass. Rep. 356.

It will be necessary, then, to inquire: 1st. Whether the magistrate had power to commit in this case; and 2d. If he had not such power, whether he acted as a judicial officer, and so is not liable for a mistake of the law.

As to the first question, the statute under which the proceedings were had, authorises the magistrate to commit the person, against whom complaint is made, but in one case only, and that is on neglect or refusal to enter into a " recognizance to the next court of common pleas, *with sufficient security.*" The entering into bonds to the overseers of the poor, is altogether voluntary, and the consequence of a compromise with the complainant; it cannot, in any case, be required to be done by the magistrate; if it is done, the magistrate is bound to discharge, on the payment of costs; if no settlement with the complainant is made, (and the bond to the overseers is a part of such settlement) he is then bound to take a recognizance for the defendant's appearance, or on refusal to enter into recognizance, to commit him to jail.—In this case, no agreement was made with the complainant; the party was ready, and offered *sufficient security* to enter into a recognizance for his appearance; the magistrate had not, then, any power to commit him to prison, as well might he have committed after taking a recognizance for the appearance of the party.

As to the second question, whether the defendant acted in a judicial capacity, and is not chargeable for mistaking the law, it may be observed—that the statute law leaves nothing to the discretion of the justice but the sufficiency of the bail, and with that the defendant was satisfied; he is not to decide on the guilt or innocence of the person accused, but only to examine the complainant, and if a compromise does not take place between the parties, to recognize or commit, the kind of security to be given the law determines; and as well might the

BELMONT.
March, 1818.

Masters
*v.*
Johnson.

magistrate compel the person complained of, to confess a judgment to himself, as to require him to give bond to the overseers. Having no discretion to exercise on that subject, he cannot be said to have acted judicially. But a judicial officer must have jurisdiction of the matter in which he acts, and unless he has, he cannot shield himself from responsibility by claiming indulgence for error in judgment; and therefore, says lord Hale, in the case of Terry vs. Huntington, Hard. 480, "if they give judgment in other matters than such as are within their jurisdiction, all is void and *coram non judice,*" although they may have jurisdiction with respect to place and person. The jurisdiction must extend to the act done, for a justice is liable, as well where he exceeds his jurisdiction, as where he has no jurisdiction. The cases of Suydam & Wyckoff vs. Keys, 13th Johns. 444; Curry vs. Pringle, 11 Johns. 444; the case of Briggs vs. Wardwell, before cited; and the case of Creps vs. Durden, Cowp. 640, support this position. The case of Creps vs. Durden, was this: Durden, a magistrate, had convicted Creps, a baker, by four several convictions, of selling small hot loaves of bread on the same day, being Sunday, and had adjudged him to pay four several penalties of five shillings each, and issued his warrants and collected them. Creps brought trespass against the magistrate and constable, for breaking into his house and carrying away his goods; verdict was taken for the plaintiff, subject to the opinion of the court, whether the action would lie; the court decided, that allowing the first conviction and warrant to be good, the three others were an excess of the jurisdiction of the justice, and beyond it; for that, on the true construction of the statute, there can be but one offence, attended by one single penalty, on the same day, and gave judgment for the plaintiff, on the verdict.

It would be extremely unsafe and dangerous, to permit courts of special and limited jurisdiction, to transcend their powers with impunity, under pretence of error in judgment; courts are bound to know the extent of their jurisdiction, and while we know and feel the liability of all to error and mistake, the rights of the citizen are required to be protected from every usurpation of authority. Being satisfied that the defendant had no authority to commit the plaintiff to prison, judgment must be entered on the verdict.

WRIGHT, for plaintiff.

HAMMOND, for defendant.