NEW YORK.
May, 1827.

Taylor
v.
Trask.

*TAYLOR *against* TRASK.

TRESPASS and false imprisonment; tried at the Chenango circuit, January 18th, 1826, before NELSON, C. Judge; when the following facts were in evidence:

Trask, the defendant, on the 11th of April, 1826, recovered judgment of $37 50 against the plaintiff, Taylor, a freeholder and man of family, before a justice; and immediately made the oath required by the 3d *proviso* to the 14th section of the 50 dollar act, (sess. 47, ch. 338, p. 287,) that he would be in danger of losing his debt, if execution was not immediately issued. The justice, (who was a witness upon the trial,) stated that he informed Trask that he then had no blank executions with him; but would issue the execution the next morning. That he accordingly, the next day, issued an execution, directing the constable to levy the damages and costs of the goods and chattels of Taylor; and for want thereof, to commit his body to gaol. That he made use of an old blank; and, by mistake, omitted to strike out that part of the execution which directed the body of the defendant to be taken. That Trask gave no direction as to what kind of execution was to be issued; but simply made the oath required by the statute, and directed the witness to issue an execution. The witness delivered the execution to a constable; and Trask did not see it before it was delivered to the constable; nor until after Taylor was arrested. Taylor was discharged as soon as the mistake was discovered; and by the order of Trask, as soon as he learned the arrest. This was before Taylor was committed to prison.

The jury, by the direction of the judge, and with the assent of the parties, found a verdict for the plaintiff, for nominal damages, subject to the opinion of this court.

*Where a party made oath and demanded an execution of a justice, under the 3d proviso to the 14th section of the 50 dollar act, (sess. 47, ch. 338, p. 287,) and the justice, by mistake, issued it against the body, and the defendant was arrested thereon with out the plaintiff's knowledge; who, as he knew of the mistake in the execution, and of the arrest, ordered the defendant to be discharged: held, that the defendant could not maintain false imprisonment against the plaintiff.*

*A party in a justice's court is not accountable for the issuing of process, unless he directs or sanctions it.*

*Otherwise, as to process issued by his attorney, in a court of record.*

*Clark & Clapp* for the plaintiff, cited 3 Wils. 345, 346; Doug. 676; 2 John. Cas. 51; 1 Str. 710; 2 Bl. Rep. 1035; Cowp. 640; 2 Wils. 385, 386.

NEW YORK,
May, 1827.

Taylor
v.
Trask.

*Vanderlyn & Throop, contra, cited 2 John. Cas. 50, 51 11 John. Rep. 444.

Curia, per SUTHERLAND, J. The proviso in question is as follows : "That no execution of any judgment given by virtue of this act, when the sum, exclusive of costs, exceeds 25 dollars, shall issue, (unless by consent of the parties,) against any freeholder, or inhabitant having a family, in less than ninety days after such judgment is rendered, unless the party in whose favor the judgment is rendered, shall forthwith, upon the rendering of the judgment, make it appear by his own oath, or the oath of some other person, or both, in the discretion of the justice, that such party will be in danger of losing the debt or damages, if such delay be allowed ; in which case, the justice shall issue execution immediately, against the goods and chattels only of the defendant, &c."

Here the duty of the justice is clearly and explicitly pointed out. He is expressly prohibited from issuing an execution against the body of a defendant, in the cases enumerated in the proviso. He had no jurisdiction to award the process which was issued in this case. It was not demanded from him by the defendant. He made the oath required by law, and requested an execution ; that is, such execution as the law entitled him to, with respect to which, there was no doubt or uncertainty. The case, therefore, stands precisely as it would have done, if the defendant had, in terms, requested the justice to issue an execution against the goods and chattels of Taylor only. In such a case, I apprehend, the party would not be responsible for the accidental or intentional error of the magistrate.

In Percival v. Jones, (2 John. Cas. 49,) the defendant, (who was the justice,) had issued an execution against the body of the plaintiff, who was an inhabitant of the county of Albany, having a family, and as such exempted from imprisonment. There was no evidence that the execution had been demanded by the plaintiff, in the judgment. The court held that under such circumstances the magistrate [*251] was responsible for the illegal imprisonment; *and not the

plaintiff in the execution. They remark, that while the justice acts ministerially, or as a clerk of the party, he will be justified in issuing any process within his jurisdiction that may be demanded by the plaintiff. But in order to charge the plaintiff in the suit, it should appear that it was really his act. It ought not to depend on the general intendment of the law, that every writ or process is purchased by the party in whose favor it issues. If it appear to be the officious or voluntary act of the justice, without any direct authority for that purpose, an innocent plaintiff ought not to be implicated. In such a case, the justice assumes the responsibility of the measure, and is liable for all its consequences.

There is no doubt of the correctness of the general proposition, that the party becomes a trespasser who extends the power of a court of special and limited jurisdiction, to a case in which it cannot lawfully be exercised. (1 Strange, 710; 2 Bl. Rep. 1035; Cowp. 640, 647; 2 Wils. 385.) But this is not a case of that description. The defendant has done nothing which he had not a right to do. He requested the magistrate to issue an execution in a case, in which the law clearly points out the kind of execution to be issued. No doubt existed upon any matter of fact, which was necessary to be removed by the party before the magistrate could know what execution to issue. In issuing an execution of a different character, therefore, he must be considered as acting officiously and voluntarily, and not as the agent of the party. He ought to be responsible, and not the plaintiff in the execution.

The relation subsisting between a plaintiff and a justice's judgment and the justice himself, is very different from that between client and attorney in courts of record. The attorney is the mere agent of the client. The client is responsible for all the acts of his attorney which affect third persons, whether they were authorized by him or not. He is not, from considerations of public policy, permitted to deny his authority. (*Denton* v. *Noyes*, 6 John. 296, and cases there cited. Id. 37; 3 Wils. 345; Dougl. 676.) But the case of *Percival* v. *Jones* decides, that if a magistrate

issues \*an execution without its being demanded by the plaintiff in the judgment, the latter is not responsible for it. It is considered the act of the justice only. He is not a mere clerk or agent, therefore, in issuing process, in all cases. Whether he is so to be considered or not, depends on the circumstances of the case.

In *Curry* v. *Pringle*, (11 John. 444,) the warrant was issued by the direction of the defendant, who also instructed the officer as to its execution. It was the process which he asked for, and he took it at his peril.

Judgment for the defendant.