## HUNTER vs. BURTIS & ELLSWORTH.

Where a *warrant* under the *justice's act* issues in favor of a *non-resident plaintiff,* the action may be brought before *any justice* of the county, and need not be brought before a justice of the town *where the defendant resides,* or of the *next adjoining town.*

In a suit *against* a *non-resident defendant,* the action must be brought before a justice of the town in which the defendant *may be* at the time of the commencement of the suit ; but it is not necessary that a *non-resident plaintiff* should be *personally* in the county at the time of the application for process.

Where an illegal arrest is made, the *attorney* who appears to advocate the cause is not responsible, unless he officiously interposed in directing the arrest.

THIS was an action for *false imprisonment,* tried at the Saratoga circuit in May, 1831, before the Hon. ESEK COWEN, one of the circuit judges.

The false imprisonment was alleged to consist in the arrest of the plaintiff on a justice's warrant, which it was insisted by the plaintiff had been *illegally issued,* on the ground of the want of jurisdiction in the justice. The facts were these : Samuel Burtis applied to a justice of the peace of the town of Saratoga Springs, in the county of Saratoga, for a *warrant* against Hunter, in favor of Stephen H. Burtis, and made affidavit that Stephen H. Burtis was a *non-resident* of the coun-

ty of Saratoga, that he had a general power to prosecute all suits or demands for Stephen H. Burtis, and in other respects made such affidavit as is required by law, and gave the security required to be given on the issuing of a warrant in favor of a non-resident plaintiff. Whereupon the justice issued a warrant against Hunter, and delivered it to a constable, who arrested Hunter by virtue of the warrant in the town of *Stillwater*, (in which town Hunter resided,) and brought him before the justice in the town of Saratoga Springs. On Hunter's being brought before the justice, Samuel Burtis appeared as the attorney in fact of Stephen H. Burtis, and Ellsworth, the other defendant in this cause, appeared as the counsel of Samuel Burtis. After two other causes had been tried, in which S. H. Burtis was plaintiff, Ellsworth said that the plaintiff would withdraw his suit against Hunter alone, and bring it against him and the defendants in the causes just tried, jointly; and the suit against Hunter was accordingly discontinued. Ellsworth was not present at the issuing of the warrant, and gave no directions or instructions to the officer as to the arrest. It was admitted on the trial that the towns of *Saratoga Springs* and *Stillwater* are in the county of Saratoga, but are not adjoining towns, and that the defendants in this cause, at the time of the suing out of the warrant, were residents of the town of Saratoga Springs. The counsel for the defendants insisted that no illegal arrest had been shewn, and that the plaintiff ought to be nonsuited, and that at all events Ellsworth, acting only as the counsel of Burtis, was not liable to a suit, although the warrant had irregularly issued. The judge refused to nonsuit the plaintiff, and charged the jury that the justice had no jurisdiction; that the warrant and the arrest by virtue of it were illegal; that *Stephen Burtis* was a non-resident of the county, and was not proved to have been in the county at the time of the application for the warrant, and the justice not residing in the town in which Hunter resided, or in the town adjoining, had no right to issue the warrant. The jury found a verdict for the plaintiff for $10. The defendants move for a new trial.

*J. Ellsworth & S. Stevens,* for the defendants.

*M. T. Reynolds,* contra.

*By the Court,* NELSON, J.   I am of opinion the judge erred, and that a new trial ought to be granted.   It is provided by the revised statutes that a justice shall, upon application, issue a *warrant,* where the plaintiff is a *non-resident,* and tenders to such justice security for the payment of any sum which may be adjudged against him in the suit. 2 *R. S.* 228, § 17.  The 19th section requires that the fact of non-residence be shewn to the justice by affidavit.   These requisites were strictly complied with, and undoubtedly gave to the justice jurisdiction in the case.

Actions, of which a justice has jurisdiction, must be brought before some justice of the town wherein either, 1. The plaintiffs or any one of them reside ; 2. Where the defendants or any one of them reside ; or 3. Before some justice of another town in the same county next adjoining the residence of the plaintiff or defendant.  2 *R. S.* 226, § 6.   But by section 9, if the plaintiffs be all non-residents of the county, or if the defendant be a non-resident of the county, then such action may be brought before any justice of the town in which such plaintiff or defendant *may be.*  The construction given by the judge at the circuit to the 8th and 9th sections just cited was, *that to give the justice jurisdiction, the plaintiff* being a non-resident, must be *personally* present in the town in which the justice resides who is called upon to issue the warrant ; or that otherwise the action must be brought before a justice of the town where the defendant resides, or before a justice of an adjoining town.   I cannot assent to this construction of the act.   The reasons for confining actions to certain towns in justice's courts were the convenience of parties, and to prevent plaintiffs from harrassing defendants by calling them before distant magistrates.   The first act on this subject was passed in 1818, and was incorporated in the general revision of the justice's act in 1824, and in both of them *non-resident* plaintiffs were excepted from the limitation.   The 9th section is not so clearly expressed as it might have been, but I am satisfied its

true and reasonable construction does not in this respect alter the law. The expression in relation to non-resident plaintiffs, that they may bring their actions before any justice of the town in which such plaintiffs *may be*, was intended to exclude all the restrictions before imposed, and to authorize them to apply to any justice in the county, at their option. This is, under any construction, the effect of it. Why should they be personally present in the town in which the justice resides, or even before him at the time of the issuing of the warrant? Their absence can in no way affect injuriously the rights of the defendant, as satisfactory security must be given "*for any sum which may be adjudged against them in the suit*," before the warrant issues. It was said, on the argument, that they would be amenable to the process of the defendant, if they were required to be present; but the obvious answer to this is, they need only be *in the town* in which the justice resides, or at most, before him *at the time of issuing the warrant*, according to the most literal interpretation. The benefit, therefore, in this respect, to the defendant, would require a calculation of chances which I think were not in the view of the legislature.

It is true the same expression is used to designate the town in which a *non-resident defendant* must be sued; and when the arrest is justified in reference to such party, the suit must be brought before a justice in the town in which he *may be*. We must construe these words, regarding the subject matter to which they relate. When applied to the defendant, they limit the action to the town in which he may happen to be at the time; from the plaintiff, who is the actor, they remove all restriction, and authorize the suit before any magistrate in the county. The whole object of the *eighth* and *ninth* sections was the limitation of suits to particular towns, regarding the residence of parties; it clearly has not been extended to non-resident plaintiffs; they may, at their election, go before any magistrate in the county. By the 39th section, page 232, any plaintiff over twenty-one years of age may appear and conduct his suit *in person*, or *by attorney;* and it is worthy of remark, that where the personal appearance of either party is required by the statute, it is so expressed. This was essential,

otherwise an appearance *by attorney* would, by the above section, be in contemplation of law a personal appearance. See § 114, *p.* 245.

But if I had arrived at a different conclusion, from an examination of the *eighth* and *ninth* sections, I am of opinion the justice had jurisdiction to issue the warrant. Every preliminary step required by the act had been complied with, and the statute does not require that, before the issuing of the warrant, it be shewn to the justice where the defendant resides, to enable him to judge of the propriety of issuing the process. If the warrant has been extended by the constable to a case not warranted by the law, which he is presumed to know, perhaps, under the strict rules applicable to courts and the officers of special and limited jurisdictions, he would be liable in this action ; and if he executed the process under the special instructions of the plaintiff or his attorney, they might also be liable. 11 *Johns. R.* 444. 7 *Cowen,* 261. But if the officer, without any other directions than the delivery of the warrant to be executed, enforced the execution in a case not warranted by these sections, he alone, I apprehend, would be responsible, unless such illegal arrest was approved of by the plaintiff or his agent. Even in such a case, the *attorney* who appeared to try the cause would not thereby subject himself to responsibility. If he officiously interfered in directing the arrest, which was no part of his duty as attorney, the rule might be otherwise ; but appearing before the justice, and conducting the suit for the plaintiff should not be under the peril of such responsibility.

New trial granted.