By the Court, Nelson, Ch. J.
The plea to the jurisdiction of the justice is sufficiently answered by the case of Hunter v. Burtis, (10 Wend. 358.)
As to the other alleged irregularities in the commencement of the suit, none were specified at the time of making the objection, nor can we see that any existed, sufficiently distinct and certain to call for a reversal of the judgment. Where a suit is commenced in the name of a non-resident plaintiff by warrant or short summons, he is required to give security for the payment of any sum which may be adjudged against him in the suit. (2 R. S. 160, § 17, 2d ed. ; id. 201, § 291.) And as judgment may, in cases like the present, be rendered against him for the balance found due to the defendant, (id. 166, § 52,) the security should be broad enough to embrace all that the defendant may recover.(a) The justice states in his return *327 that the plaintiff (Ranlett) gave satisfactory security in writing, Sec., for costs, according to law. If we are to understand from this language that the security was confined to such costs as might be recovered against the plaintiff, it was unquestionably defective; but I think the return will admit of a broader construction, as it alleges, in substance, that the security was taken according to the statute. This view is strengthened by what occurred before the justice while the objection to the regularity of the plaintiff’s proceedings was under consideration. The defendant (Onderdonk) alleged that the plaintiff was not present when the suit was commenced ; but did not allude to any defect in the security. The justice informed the defendant of the steps which had been taken by the plaintiff, thus directing the defendant’s attention to the security given, and yet no specific objection was made to it. The inference to be derived from the defendant’s conduct under these circumstances' would seem to be, that he was satisfied the security was in due form. Beside, I apprehend that the omission to make objection at the time, operated as a 'waiver of the irregularity, if any existed. Consent will not give jurisdiction in respect to the subject matter of the suit, but it will, as to the person. (Day v. Wilber, 2 Caines, 134 ; Bloodgood v. Overseers &c. of Jamaica, 12 John. R. 285 ; Bronson v. Earl, 17 id. 63 ; Cowen’s Tr. 31, 2, 2d ed.) In Day v. Wilber the objection was taken on certiorari that the suit had been commenced by warrant, instead of summons ; but the irregularity was considered to have been waived by reason of the omission to make the objection before the joining of issue. So here, the summons was irregular without the security ; but it was entirely competent for the defendant to waive the irregularity, and go to trial on the merits as upon the joining of issue without process. (2 R. S, 160, § 11,2d. ed.)
The justice was right in refusing the adjournment. The de • fendant’s conduct was such as fairly to cast suspicion upon the bonafides of the application, and to justify the discretion exercised by the magistrate. (See Smith v. Fenton, 2 Cowen, 425.) *328 The defendant moreover refused to disclose what he expected to prove by the absent witnesses ; and this has sometimes been regarded as sufficient to justify a refusal to adjourn. (Brill v. Lord, 14 John. Rep. 341.) But I think the practice should be confined to cases of well grounded suspicion. (Cowen’s Tr. 846, 2d ed.) The affidavit on which the application for an adjournment was founded, is, I think, defective, in not stating that the defendant expected to be able to procure the attendance of his witnesses at the day to which he desired to have the cause adjourned. This is usually required on similar applications in courts of record. (The People v. Vermilyea, 7 Cowen, 369.) There is another answer to the allegation of error in the point under consideration, and that is, that justices have a discretion to exercise in granting and refusing adjournments, and that nothing short of a clear abuse of that discretion will be regarded as error. (Pease v. Gleason, 8 John. Rep. 409.) I am not at all satisfied that any such abuse is properly chargeable in this case.
The plea of a former recovery was properly overruled by the justice ; as it was admitted by the defendant that the judgment had been reversed upon technical grounds, in no way involving the merits of the matter in controversy. (Close v. Stuart, 4 Wend. 95.)
Many other points are presented by the plaintinff in error, but they are too untenable to require notice. Onderdonk was guilty of great irregularity and indecorum in conducting the proceedings before the magistrate. None of the numerous cases originating in justices’ courts which have come before us for review within my experience, have presented any thing like the violation of respect and orderly conduct to be habitually observed in judicial proceedings, as that exhibited on the trial of this cause. The powers of magistrates are ample to repress and punish such behavior in any stage of the cause, whether proceeding from a party, his counsel, or a bystander ; (2 R. S. 199, § 274, 275, 2d ed. ;) and self-respect, as well as a due regard for the proper administra *329 tion of justice, imperiously demand that they should be used, and order enforced with a firm and steady hand. Justices may at all times rely upon the countenance and favor of this court in the due Command and vigorous enforcement of good order while conducting their proceedings; and, as all necessary powers have been conferred upon them for this purpose, they should know and feel that they alone are justly responsible for its observance. We cannot commend the forbearance of the magistrate in the instance before us, and would have been better satisfied if he had repressed the disorderly behavior of the party at once, when admonition failed, by fine, or commitment, or both.
We cannot avoid also taking notice of the rule in the common pleas compelling the justice to amend his return. I am satisfied the attention of the court could not have been particularly called to the numerous points to which it seems they required an additional answer. There are some twenty-eight in all i many of them in no way bearing materially upon the case, and others trifling, idle, and disrespectful to the magistrate, evincing a most vexatious, if not vindictive spirit towards him, wholly unbecoming a judicial proceeding. The court should have examined the several matters in respect to which an amended return was called for, and struck out every part not material and important to the questions to be presented for review.
Judgment affirmed.

 For the form of the security, see Cowen’s Tr. 469, 2d ed. Whether the security may be by a deposite of money with the justice, and if so, how much should be deposited, see id. p. 468.