## NEW YORK SUPERIOR COURT.

ELLEN BURNS, by her guardian, ELÌSHA W. CHESTER, appellant agt. CHAS. ERBEN and THOS. FROST, respondents.

Where a *complaint* is susceptible of no other interpretation than a charge of *illegal arrest, detention and restraint of liberty,* the action is one of *false imprisonment* and not of malicious prosecution.

The Metropolitan police act allows the officers of police to *arrest* persons *suspected by them, without warrant,* where there is reason to believe a *felony* has been committed.

Where the plaintiff in an action for false imprisonment has, upon the evidence, recovered nominal damages against a police officer for arresting her on a charge of felony, the court on appeal will not interfere with the judgment.

*New York General Term, January,* 1864.

*Before Justices* MONCRIEF, ROBERTSON *and* MONELL.

THIS action was brought to recover damages for the alleged malicious arrest of the plaintiff. On the evening of the 6th of July, 1861, a quantity of silver, of the value of about $200, belonging to the family of Mr. Henry Erben, was stolen from their dwelling house, 46 W. Thirty-eighth street, between the hours of eight and ten o'clock. The defendant, Charles Erben, is the son of Mr. Henry Erben, and at the time mentioned was residing with his father, at No. 46 West Thirty-eighth street. On that evening no stranger, other than Ellen Burns, was known to have been within said house. She came to the house about eight o'clock and left about half-past nine o'clock, about which

time the commission of the felony was discovered. The silver was in a sideboard in the basement at the time she entered the house.

The testimony showed abundant opportunity for Ellen Burns to have admitted an accomplice, and afforded ground for the suspicion that the felony was committed by the plaintiff, or with her complicity. The defendant Frost, a member of the Metropolitan police force, attached to the twenty-ninth precinct, after personal investigation, at the dwelling house where the felony was committed, and by direction of his superior officer, arrested the plaintiff.

The defendant Erben accompanied the officer, but had no other participation in the arrest.

CHESTER & KENNADY, *for appellant.*

I. When the question arises on evidence as to probable cause or reasonable grounds of suspicion, it is the province of the jury to decide the facts under the charge of the court. (*Barb. Crim. L.* 544; 1 *Nun. & Walsh,* 106; *Beck-with* agt. *Philby,* 6 *Barn. & Cress.* 637.)

II. That in this case the want of reasonable grounds of suspicion was distinctly proved.

III. That the question is not here whether the officer had reasonable grounds of suspicion—he has confessed by his default that he has not—but whether the party who caused the arrest had. He had the means of knowing, and did know, from his own witness, that he had none.

(*a.*) The defendant Erben knew the plaintiff, and does not pretend that her character was not entirely above suspicion.

(*b.*) His own witness, Ann 'O'Connor, a girl living with him, stated that she had not taken the silver; that she had been with her all the time she was in the house, went out with her, and knew she had not taken it.

(*c.*) The plaintiff's place of residence was known to the defendant Erben.

(*d.*) There were no facts to create suspicion. The simply being in the house at the time, or about the time the theft was committed, is not of itself a ground of suspicion, even if the facts had shown that she could have committed it.

(*e.*) The credibility of the witness is vouched for by Erben, by the fact of his producing her as a witness.

IV. The officer who acts upon a complaint may be justified, but the party who makes the complaint, if false, will be liable. (*Samuel* agt. *Payne, Doug.* 359; *Hobbs* agt. *Branscomb*, 3 *Camp.* 419.)

MATHEWS & SWAN, *for respondent Erben.*
OTIS D. SWAN, *of counsel.*

I. There being no dispute concerning the material facts in evidence, the question of probable cause was purely a question of law, and inasmuch as, upon the uncontradicted evidence in the case, there was a probable cause for the arrest of the plaintiff, the judge, who presided at the trial, was bound to nonsuit the plaintiff as to defendant Erben.

1. A felony had been committed. By express enactment a Metropolitan police officer has all the common law and statutory powers of a constable (*Laws of* 1857, *ch.* 569, *p.* 200, § 8). The authority of a constable (and perhaps even a private individual,) (*Holley* agt. *Mix*, 3 *Wend.* 350) to arrest without warrant in cases of felony (and even upon suspicion that a felony had been committed, though it should subsequently appear that no felony had been committed), is fully established. (1 *Hale P. C.* 587: 5 *Dane's Abridgement*, 588; 1 *Chit. Cr. L.* 15, 17; *Beckwith* agt. *Philby*, 6 *B. and C.* 638; *Samuel* agt. *Payne*, 1 *Doug.* 359; *Davis* agt. *Russell*, 5 *Bing.* 354.) The question of the necessity for an immediate arrest is one to be determined by the officer, and

not a question to be reviewed elsewhere (*Rohan* agt. *Savin*, 5 *Cush. R. P.* 281.)

2. When there is no dispute about facts, it is the duty of the court on the trial to apply the law to them. Probable cause is a mixed question of law and fact only when there is conflicting testimony in respect to the circumstances adduced to show the existence of probable cause. In the case at bar, there was no dispute about the material facts and no impeachment of witnesses. The plaintiff was non-suited as to defendant Erben, because the cause of action alleged in the complaint was not established, viz: want of probable cause. (*Masten* agt. *Deyo*, 2 *Wend.* 424; *Buckley* agt. *Ketaltas*, 2 *Seld.* 384; *Besson* agt. *Southard*, 6 *Seld.* 236; *Scott* agt. *Simpson*, 1 *Sand.* 601; *Rudd* agt. *Davis*, 3 *Hill*, 287, *and approved on appeal*, 7 *Hill*, 529.)

II. Assuming that defendant Erben participated in the arrest, by direction of the officer, his act was justifiable to the same extent as that of the officer (2 *Hibbard on Torts*, *p.* 454; *Payne* agt. *Green*, 10 *S. & M.* 507; *Elder* agt. *Morrison*, 10 *Wend.* 128; *Oystead* agt. *Sheil*, 12 *Mass. R.* 511.)

III. There was no evidence showing participation by defendant Erben in the arrest. He did not direct, advise, or request the arrest. He was a mere bystander, and was present when the arrest was made, merely by reason of his interest in the stolen property of his father.

IV. The exceptions having been directed to be heard in the first instance at the general term (*Code*, § 265), judgment absolute should now be ordered, with an allowance to the defendant Erben.

By the court, ROBERTSON, J. The language of the complaint is susceptible of no other interpretation than a charge of illegal arrest, detention and restraint of liberty. The action is one of false imprisonment, therefore, and not of malicious prosecution, which is a species of slander or libel, leading to peculiar injury, to wit: arrest by process of law.

Undoubtedly in the latter case the plaintiff is to make out the negative, to wit: a want of probable cause, but slight evidence only is sufficient for the purpose. If the facts sworn to by the malicious prosecutor do not furnish *prima facie* grounds to infer that a crime has been committed, the magistrate issuing a warrant is guilty of false imprisonment.

The Metropolitan police act allows the officers of police to arrest persons suspected by them, without a warrant, where there is reason to believe a felony has been committed (*Laws of* 1857, § 8). A dangerous power, unless an immediate investigation is to be had by some magistrate. In this case a felony had been committed, and the plaintiff was arrested on the suspicions of a sergeant of police by the defendant Frost, who was a roundsman merely.

I do not find evidence enough to implicate the defendant Erben in the arrest. He merely disclosed what he knew, and only expressed an opinion that there was enough of suspicion against the defendant to have her examined. He did not request or urge any arrest, but left it to the officer at the station house to decide on its propriety. Nor did he make any charge. Such officer appeared to exercise the authority given him by law of arresting persons that he suspected.

The plaintiff has recovered against the officer nominal damages, which need not be interfered with, and the complaint was properly dismissed against the defendant Erben.