McCunn, J.
By some courts, the adjournment of a trial is held to be so much a matter in the discretion of a judge at nisi prius that his denial of the postponement cannot be assigned for error (Woods v. Young, 4 Cranch, 237).
In this State, a refusal of an adjournment is not the subject of exception, but may be reviewed on motion lor a new trial (People v. Vermilyea, 7 Cow., 108, 369 ; *383 People v. Superior Court of the City of New York, 10 Wend., 299; Howard v. Freeman, 3 Abb. Pr. N. S., 292).
For while we hold the allowance or denial of an adjournment to be within the discretion of the judge at trial, still we admit it is not an arbitrary discretion, but a discretion controlled and regulated by fixed principles of practice. These rules are of incalculable importance in the administration of justice; and since they have been permitted of late to fall into desuetude, it cannot be amiss to recall them to the attention of the profession. •
First. A motion for an adjournment must be based upon an affidavit, and will not be entertained on a statement ore tenus (Smith v. Banker, 3 Day, 280).
Second. The affidavit must exhibit these essential conditions: an affidavit of merits ; the materiality of the absent evidence ; due diligence in the endeavor to procure the attendance of the witness ; and an assurance of his probable attendance at the time proposed for the adjournment (Phill. on Ev., Cow. & H. Notes, 365-8).
The affidavit should properly be made by the party, not by the attorney (Price v. Warren, Vin. Abr., Trial T., 3 p1. 11, note; Tidd Pr., 708). If after notice of trial (he party had an opportunity to subpoena the witness, or to take his testimony de bene esse, and neglected these precautions, he cannot claim to have exercised due diligence (Pennington v. Scott, 2 Ball., 95). The defendant must swear positively that the witness is material; not merely to a belief.
The practice now is to swear that the defendant is advised and believes the witness to be material (M'Kay v. Marine Ins. Co., 2 Caines, 384 ; Chambers v. Handley, 3 J. J. Marsh., 98 ; People v. Vermilyea, 7 Cow., 369). These are the requisites of the common affidavit, and are sufficient, if not defeated by counter affidavits, to entitle the party to an adjournment (King v. McGee, 1 O'Connell’s Speeches, by his son, 223). But if there has already been a postponement of the trial at the in *384 stance of the party soliciting the present adjournment, oi any other circumstance raising a sup; osition that his application is merely for delay, then he must present a special affidavit. At this juncture the discretion of the court is larger and more liberal than under other cir-1 cumstances (Loftt, 769).
The special affidavit most exhibit, by a statement of facts the materiality of the witness (King v. Jones, 8 East, 31 ; Lord v. Cooke, 1 W. Black., 436; People v. Vermilyea, supra). If the court can see that the evidence proposed to be given by the absent witness is immaterial, the trial will not be adjourned (Rex v. Chevalier d’Eon, 3 Burr., 1513; Smith’s Case, 3 Wheel. Cr. Cas., 172). So a full admission of the facts proposed to be proved by the absent witness will defeat an application for postponement (Brill v. Lord, 14 Johns., 341; 7 Cow., 388-400). One of the most essential inquiries is, did the witness go away before notice of trial, for if he did not, then there must be some other or positive cause for postponing.
In this case the affidavit is faulty in all its parts, and does not comply with any of the requirements. I shall, therefore, order the trial to proceed, unless defendants stipulate to allow an inquest on the next adjourned day, if they are not ready to proceed ; if they so stipulate, then the cause stands adjourned until Monday next. *

 The parties stipulated, and the case was adjourned.