ROBERT C. VERNES, Appellant, *v.* NATHANIEL PHILLIPS, Respondent.

(Submitted January 18, 1935; decided February 26, 1935.)

*Otho S. Bowling* and *Robert H. Elder* for appellant. Plaintiff made out a case. The fact that the case was made against a lawyer who committed the tort to avenge a pretended injury to his client makes no difference. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; *Snead* v. *Bonnoil*, 166 N. Y. 325; *Parke* v. *Fellman*, 145 App. Div.

836; *Beardsley* v. *Soper*, 184 App. Div. 399.) Lawyers are not privileged to procure others to be unlawfully arrested. (*Barker* v. *Graham*, 3 Wils. 368; *Deyo* v. *Van Valkenburgh*, 5 Hill, 242; *Fischer* v. *Langbein*, 103 N. Y. 84; *Codrington* v. *Lloyd*, 8 Ad. & E. 449; *Revill* v. *Pettit*, 60 Ky. 314; *Tiede* v. *Fuhr*, 264 Mo. 622.)

*S. S. Goldsmith* for respondent. The defendant was acting as attorney on behalf of his client. The arrest was procured by the client and not by the defendant. (*Brown* v. *Chadsey*, 39 Barb. 253; *Burns* v. *Erben*, 26 How. Pr. 273; *Ford* v. *Williams*, 13 N. Y. 577; *Hunter* v. *Burtis*, 10 Wend. 358; *Benam* v. *Bernon*, 5 Mackey, 18; *Miller* v. *Metropolitan Life Ins. Co.*, 28 Ky. 223; *Roth* v. *Schupp*, 94 Md. 55; *Shull* v. *Boyd*, 251 Mo. 452; *Waugh* v. *Dibbens*, 61 Okla. 221; *McMullin* v. *Erwin*, 69 Vt. 338; *Sedley* v. *Sutherland*, 3 Esp. 202.)

CROUCH, J. The action is for false imprisonment. The defendant is a practicing lawyer. At the close of the plaintiff's case a motion to dismiss the complaint was granted for insufficiency of proof. The trial judge held that although the defendant had requested the police officers to arrest the plaintiff, " he was speaking all the time as a mouthpiece for the woman [his client] who stood there," and, therefore, incurred no liability. The judgment was unanimously affirmed.

The facts are, briefly, as follows: The plaintiff, together with his wife and daughter, were among the directors of a small corporation. The plaintiff had sent in his resignation. The defendant, acting as legal adviser to the wife and daughter, was present at the meeting of the directors called to pass upon the resignation. It was reported at the meeting that plaintiff a day or two before " had drawn out some money with two checks." The defendant said " that was the best thing he could have done for their side of the case; that he would look after the matter and see that Mr. Vernes would make good."

Accordingly, five days later, the defendant went with the wife and daughter to a police station and talked with two detective officers. The defendant did most of the talking. He said the plaintiff had stolen $275; that he drew some money that he was not entitled to and appropriated it to his own use. The officers understood that the defendant was "counsel for Mrs. Vernes." They were told that "they wanted Mr. Vernes arrested." It was the defendant who made the request. He gave the officers a description of the plaintiff, the number of his automobile and the address where he could probably be found. The officers went to the address, arrested the plaintiff without a warrant and brought him to the station house where he was "booked and finger-printed." At that time the defendant said that "Mrs. Vernes would make the complaint in the Magistrate's Court." Several hours later the plaintiff was discharged under a writ of habeas corpus.

Any imprisonment which is not legally justifiable is a false imprisonment and subjects him who is responsible therefor, whether as principal or as agent, to an action in tort for damages. (*Curry* v. *Pringle*, 11 Johns. 444; *Taylor* v. *Trask*, 7 Cow. 249; *Hunter* v. *Burtis & Ellsworth*, 10 Wend. 358, 362; cf. American Law Institute, Restatement of the Law of Torts, § 35 *et seq.*) That he who is responsible is an attorney at law does not change the rule. His privilege does not cover the commission of trespass. " It cannot be disputed but that an attorney who causes void or irregular process to be issued in an action, which occasions loss or injury to a party against whom it is enforced, is liable for the damages thereby occasioned." (*Fischer* v. *Langbein*, 103 N. Y. 84, 89.) The rule is an ancient one (*Barker* v. *Braham*, 3 Wils. 368; *Bates* v. *Pilling*, 6 Barn. & Cress. 38), but still valid (*Newberry* v. *Lee*, 3 Hill, 523; *Deyo* v. *Van Valkenburgh*, 5 Hill, 242).

The question remains, however, as to when and under what circumstances a person may be said to have been

responsible for an imprisonment. In *Hopkins* v. *Crowe* (7 Car. & P. 373) it was said that if the defendant directed an officer to take the plaintiff into custody, he was liable for false imprisonment; but if he merely made his statement, leaving it to the officer to act or not as he thought proper, he was not liable. That distinction has been followed in this State. (*Brown* v. *Chadsey*, 39 Barb. 253; *Burns* v. *Erben*, 26 How. Pr. 273, 277; affd., 40 N. Y. 463.) Where an attorney is the actor, the rule, though differently expressed, is not essentially different. It is said that if he acts officiously and beyond the scope of his duties as an attorney, he is liable for trespass. (*Ford* v. *Williams*, 13 N. Y. 577, 584; 24 N. Y. 359, 365.) He so acts when he requests or directs an arrest (*Hunter* v. *Burtis & Ellsworth*, 10 Wend. 358, 362), except, perhaps, in a case where he merely transmits the instructions of his client. (*Ford* v. *Williams, supra.*)

We are of the opinion that a *prima facie* case was made out, and that the plaintiff should not have been nonsuited.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.