Matthew J. Jasen, J.
Defendant moves to dismiss complaint pursuant to CPLR 3212.
On March 13, 1962, an information was signed by the defendant, as president of the Americana Building Co. Inc., charging the infant plaintiff with violation of section 1433 of the Penal Law. It accused the said infant of damaging a house owned by the corporation in excess of $250. He was arrested and later the charge was dismissed after a hearing before a Justice of the Peace.
Subsequently, the infant, by his guardian ad litem, brought this action for damages for false arrest and/or malicious prosecution against the defendant individually. No action was commenced against the corporation, Americana Building Co. Inc.
The question presented is whether a corporate officer acting as agent subjects himself individually to an action in tort for damages.
Ordinarily, an officer or director of a corporation is not personally liable for his acts on behalf of the corporation provided that such acts were the ordinary acts of a corporate agent acting for his principal. (Michaels v. Lispenard Holding Corp., 11AD 2d 12.)
However, an officer or director is himself liable as well as the corporation, where the act producing the injury, although committed in the corporation’s business, is a direct trespass by the *934 agent upon the person or property of another, or where he directs the tortious act. (Vernes v. Phillips, 266 N. Y. 298.)
In such cases the fact that he is acting for another does not shield him from responsibility.
This court is of the opinion that in an action involving false arrest, false imprisonment, and malicious prosecution, an officer or director of a corporation may be himself liable for damages where he directs the tortious act.
Therefore, the motion to dismiss the alleged cause of action against the defendant is denied.