■ BETTIE HARMAN, Appellant, v. M. LOWELL HARMAN, Respondent.— Order, entered May 6, 1969, unanimously affirmed, without costs and disbursements. In affirming the order appealed from we conclude, as did Special Term, that the fees and disbursements, as fixed, are fair and reasonable for all compensable services rendered and disbursements incurred. We do not, however, approve of the general statements, that were made by the Referee in the course of the hearing, with reference to the fixing of allowances for the services rendered during conferences between two attorneys of the same firm in the interests of the client or for the services rendered by two such attorneys appearing simultaneously on a trial for the client. Concur — Stevens, P. J., Eager, Markewich, Nunez and Macken, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELLSWORTH LYNCH, Appellant.— Order entered August 28, 1968, denying, without a hearing, a petition for a writ of error *coram nobis* unanimously reversed on the law and a hearing directed as to whether defendant was deprived of his right to appeal because of failure to have counsel during the period of time during which an appeal could be taken. The allegations in the petition are sufficient to require a hearing. (*People v. Callaway,* 24 N Y 2d 127; *People v. Montgomery,* 24 N Y 2d 130; *People v. Ramsey,* 23 N Y 2d 656; *People v. Sullivan,* 32 A D 2d 514.) Concur — Stevens, P. J., Tilzer, McGivern, McNally and Macken, JJ.

■ MURRAY LANDSMAN, Appellant, v. PHYLLIS M. PENDER, Respondent.— Order, entered on January 27, 1969, vacating the default judgment entered herein, unanimously modified, on the law, the facts and in the exercise of discretion, so as to increase the costs awarded to the plaintiff by Special Term to $250 and otherwise affirmed, without costs or disbursements. While Special Term correctly observed that defendant should not be deprived of her day in court, the neglect of her insurance carrier cannot go unnoticed. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Markewich, JJ.

■ SPRING JOINT VENTURE et al., Respondents, v. FAIRCHILD PUBLICATIONS, INC., Appellant. — Order entered February 28, 1969, denying motion to dismiss the complaint, reversed on the law and the complaint dismissed, with $50 costs and disbursements to defendant-appellant with leave to both plaintiffs, however, to apply to Special Term to serve an amended complaint on proper papers with reference to the first cause of action only. (See *Andlou Prop. v. Grayck,* 24 A D 2d 716.) The complaint fails to state a cause of action in libel per se and does not sufficiently allege special damage. (See *Drug Research Corp. v. Curtis Pub. Co.,* 7 N Y 2d 435.) The second cause of action is dismissed. Plaintiffs may not fortify the alleged libel underlying the first cause of action by reliance upon a prior unrelated alleged libel. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and McNally, JJ.