■ JOHN KELLY, Respondent, v CBS, INC., et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered October 14, 1976, to the extent that it denied the motion of defendants-appellants CBS and Sturtevant to dismiss the complaint, unanimously reversed, on the law, and the motion to dismiss the complaint granted with leave to replead. Appellants shall recover of respondent $60 costs and disbursements of this appeal. The complaint seeks to state five causes of action arising out of the plaintiff's discharge from employment by CBS. The first cause of action, against CBS for wrongful discharge, is precluded because plaintiff has entrusted his rights to a union representative and in consequence has no right to sue independently *(Parker v Borock,* 5 NY2d 156; cf. *Hines v Anchor Motor Frgt.,* 424 US 554). The second cause of action is stated against the plaintiff's coemployee Sturtevant. It seems to sound in defamation, but, if so, it must fail for its lack of pleading the exact language

*(Seltzer v Fields,* 20 AD2d 60) and, if that language is not slanderous per se, there must be a pleading of special damages *(Spring Joint Venture v Fairchild Pub.,* 33 AD2d 515). If Special Term correctly construed the second cause of action to be one for wrongful discharge, it would not lie against Sturtevant because no acts are pleaded that would be outside the scope of his employment with CBS and he is not liable for acts within the scope of his employment *(Greyhound Corp. v Commercial Cas. Ins. Co.,* 259 App Div 317). The third and fourth causes of action allege violations of the burglary sections of the Penal Law. Special Term may have considered them sounding in trespass, but the prejudicial allegations of crime warranted their dismissal with leave to replead. A request for punitive damages does not state a separate cause of action *(Kallman v Wolf Corp.,* 25 AD2d 506) and, therefore, the fifth cause of action must be dismissed. Concur—Kupferman, J. P., Lupiano, Evans and Lynch, JJ.