■ HELEN BURRELL, Respondent, v CLARENCE SHELTON, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Herman Cahn, J.), entered January 20, 1981, which granted plaintiff's motion to serve an amended complaint, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of limiting the *ad damnum* clause to the amount of the original complaint and otherwise affirmed, without costs. Defendant, Shelton, and plaintiff, Burrell, entered into a lease with Central Park Gardens, Inc. for commercial office space to be used in the practice of orthodontics. The lease was for a term of five years, in both names, and expired in May, 1979. During the term of the lease, a joint bank account was opened, a joint loan was secured, and equipment was purchased in joint names. In 1976

Shelton applied for, and received, a renewal of the lease in his own name, apparently without the knowledge of the plaintiff. It seems the plaintiff only learned of this when she applied for a renewal in her own name in 1978. The instant action was commenced in January, 1979, and in February, 1979 Justice Stecher granted a preliminary injunction restraining the defendants from evicting the plaintiff from the space. A subsequent trial on the issue of whether a partnership existed was resolved against the plaintiff and the preliminary injunction was dissolved. Justice Stecher stated, however: "I make no determination on the merits concerning the ultimate determination of issues such as the right to some form of equitable relief, damages for unjust enrichment, or otherwise." Plaintiff appealed and we affirmed (73 AD2d 847). Subsequently, plaintiff was evicted. The plaintiff then sought and was granted leave to amend her complaint to conform to the determination that no partnership existed. The amended complaint seeks compensatory and punitive damages based on defendant Shelton's breach of fiduciary duty arising out of a cotenancy. Inasmuch as no new facts are being alleged, only a new theory (*Gonzalez v Concourse Plaza Syndicates*, 27 AD2d 516), leave to amend the complaint was properly given. A sufficient cause of action is made out for breach of duty and unjust enrichment. There is no significant merit to the defendants' claims of prejudice inasmuch as the original pleading gave notice of the occurrence relied on, that of conversion and ouster. (CPLR 203, subd [e]; 1 Weinstein-Korn-Miller, NY Civ Prac, § 203.) Leave to amend should be freely given (CPLR 3025, subd [b]) and a denial of the motion would create a greater prejudice than would the grant of it. (*Murray v City of New York*, 43 NY2d 400.) Nonetheless, the increase in the *ad damnum* clause from $1,500,000 to $4,000,000 should be denied in order to conform to the original contention. Damages claimed of $1,500,000 seem excessive in any event. Concur — Kupferman, J. P., Sullivan, Markewich, Silverman and Asch, JJ.