■ ALL-BORO AIR CONDITIONING CORP., Appellant, v WALES & WARD, INC., et al., Respondents. ALL-BORO AIR CONDITIONING CORP., Appellant, v DUNHAM-BUSH, INC., et al., Respondents. — Order, Supreme Court, New York County (Fraiman, J.), entered February 18, 1981, denying plaintiff's motion for leave to serve an amended complaint, unanimously modified, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the motion granted to the extent that plaintiff is directed to serve an amended complaint containing a cause of action in fraud, which cause may contain allegations of conspiracy and seek punitive damages, with leave to defendants, if they be so

advised, to interpose a defense of Statute of Limitations, and, except as thus modified, affirmed. Appeal from order, Supreme Court, New York County (McCooe, J.), entered July 15, 1982, granting defendants' motion to dismiss the complaint in the subsequent action between the parties dismissed, as academic, without costs or disbursements. Plaintiff, a mechanical contractor, secured a contract in 1972 from the City of New York to supply and install ventilating equipment at the Hunts Point Water Pollution Center. Defendants are, respectively, a manufacturer of air-conditioning equipment and the manufacturer's representative. Plaintiff purchased from defendants five fans, specially manufactured out of nonferrous materials, and installed them at the pollution center in December, 1976. Within six hours of installation the fans began to malfunction. Plaintiff commenced this action in May, 1978, and during an examination before trial of defendant Wales & Ward, Inc., the manufacturer's representative, on March 27, 1980, purportedly discovered that defendant Dunham-Bush, Inc., the manufacturer, had informed Wales & Ward, in July, 1978, that the fans would not contain certain components originally requested by plaintiff in conformity with the project engineer's specifications. According to plaintiff it then discovered for the first time that the fans were not factory manufactured, assembled and tested by Dunham, but were assembled instead by defendant Wales. As a result plaintiff sought to amend its complaint, which alleged causes of action for breach of contract and warranty to include causes of action for fraud, conspiracy and punitive damages. Defendants argued in part that the Statute of Limitations for fraud is two years from the date of discovery and that any fraud action was time barred since, on April 6, 1977, Dunham had presented plaintiff with a copy of a letter sent by Dunham to Wales, in which Dunham confirmed that Wales had advised Dunham that the consulting engineer had agreed to accept modifications in the original specifications. Special Term denied the motion to amend on the ground that the fraud allegations could be proved "in the context of the existing amended complaint, and * * * add no new element of damages." The court also observed that independent causes of action for conspiracy or punitive damages do not lie. Special Term's order should be modified. The causes of action for breach of contract and warranty, as pleaded, do not permit proof of fraud or of punitive damages, which might be justified if fraud were established. That greater damages may be awarded in that punitive damage based on fraud may now be sought is no reason to deny amendment. (*Gardner v Fyr-Fyter Co.*, 55 AD2d 816.) Moreover, no prejudice to defendants is demonstrated, inasmuch as the cause of action for fraud, while alleging a new theory, is based upon facts already alleged in the pleadings, and plaintiff moved expeditiously after the examination before trial in seeking to amend its complaint. In the circumstances we believe it provident to grant plaintiff leave to amend its complaint solely to allege a cause of action for fraud, with leave to defendants to assert the Statute of Limitations, upon the validity of which defense we now make no judgment. We do not, however, disturb Special Term's denial of that part of the motion seeking to allege separate causes of action for conspiracy and punitive damages. The law recognizes neither a substantive tort for conspiracy (see *Bereswill v Yablon*, 6 NY2d 301, 306), nor a separate cause of action for punitive damages (*Kelly v CBS, Inc.*, 59 AD2d 686). Finally, in view of our decision, plaintiff's appeal from the subsequent order dismissing the complaint in the second action alleging fraud is rendered academic. Concur — Sandler, J. P., Sullivan, Asch, Milonas and Alexander, JJ.