■ Sun Ann Supply Inc., Also Known as Sunanne Supply

Corp., Appellant, v Trenz, Inc., et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 22, 1991, which, *inter alia,* denied plaintiff's motion for leave to amend the complaint to add a cause of action for statutory wrongful eviction, is unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion for leave to amend the complaint, and otherwise affirmed, without costs.

This litigation arises out of a sublease agreement entered into by plaintiff and the prime tenant, defendant Trenz, Inc. ("Trenz"), pursuant to which plaintiff was to sublet the sixth floor of 135 West 29th Street, New York, New York, owned by defendant 135 West 29th Street Associates ("135 West"), for a term commencing July 1, 1989 and ending February 27, 1993. The sublease restricted plaintiff's use of the premises to "the preparation, warehousing and distribution of skin care products", and permitted certain specified alterations. Plaintiff paid $26,225 for rent and security to defendant Anthony Tsengoles, an officer and shareholder of Trenz.

Within the first month of plaintiff's occupancy, 135 West notified Tsengoles that other tenants in the building had reported that plaintiff was covertly sectioning off the premises into small cubicles and bringing in beds, nightstands, and lamps, all of which raised the suspicion that the premises were being converted into a brothel. On July 26, 1989, attorneys for 135 West sent plaintiff a letter charging that its unauthorized alterations were in violation of the lease, and demanding that plaintiff vacate the premises immediately. Two days later, Trenz caused the beds, nightstands, and lamps to be removed, and changed the locks.

By summons and complaint dated November 9, 1989, plaintiff brought the instant action, alleging common law wrongful eviction and false inducement to contract. At issue on appeal is whether the IAS court properly denied plaintiff's application dated April 10, 1991, to amend the summons and complaint to add a cause of action for statutory wrongful eviction pursuant to RPAPL 853. We modify the ruling of the court below to permit this amendment.

Pursuant to CPLR 3025 (b), "[l]eave [to amend] shall be freely given", so long as no prejudice is demonstrated, and the new cause of action is predicated upon facts provided in the original pleadings. (*All-Boro Air Conditioning Corp. v Wales & Ward,* 92 AD2d 486, 487; *Burrell v Shelton,* 88 AD2d 573, 574.) In the case at bar, a *prima facie* cause of action for wrongful eviction under RPAPL 853 has been set forth, inasmuch as

plaintiff alleges that defendants changed the locks and removed its property from the premises without notice or consent, and prior to the commencement of any eviction proceedings. *(See Maracina v Shirrmeister,* 105 AD2d 672, 673.) We do not discern any prejudice or unfair surprise to defendants, since no new facts are asserted in the proposed amendment and, accordingly, conclude that it was an improvident exercise of the IAS court's discretion to have denied the motion to amend. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.