WALTER S. GIFFORD, JR., Appellant, v GERALD HARLEY, Also Known as GERALD A. HARLEY, Respondent, et al., Defendants.

Third Department, April 20, 1978

6

APPEARANCES OF COUNSEL

*Blumberg & Blumberg (M. John Sherman* of counsel), for appellant.

*Kroll, Edelman, Elser & Wilson (Stephen M. Marcellino* of counsel), for respondent.

**OPINION OF THE COURT**

GREENBLOTT, J. P.

In a prior action, defendant Nolan retained defendant Harley, an attorney, to prosecute an action for breach of contract and defamation against the plaintiff Gifford. Harley prepared a summons with notice which other defendants allegedly served on plaintiff pursuant to CPLR 308 (subd 4). An affidavit of service was filed January 14, 1976.

On February 17, 1976, before plaintiff had appeared, defendant Harley filed a "statement for judgment" with the clerk of the court in Rensselaer County seeking a default judgment in the amount of $314,151. The clerk entered default judgment the same day despite his lack of authority to file such a

judgment when not based on a claim for a sum certain (CPLR 3215, subd [a]), and despite the fact that plaintiff's time to appear had not yet expired (CPLR 308, subd 4; CPLR 320, subd [a]).

Plaintiff alleges that he first learned of the action in March when defendant Harley advised him of the default judgment. Following negotiations, the parties stipulated to vacatur of the default judgment and summons, and agreed that plaintiff would accept new process by service on his attorney.

On August 31, 1976, plaintiff brought this action for compensatory and punitive damages based on the wrongful acts of the various defendants. Respondent moved to dismiss the complaint for failure to state a cause of action and Special Term granted the motion. Plaintiff appeals.

■ Plaintiff asks us to find in these facts an exception to the general rule that "public interest * * * demands that attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients" (Hahn v Wylie, 54 AD2d 629). The attorney may be held liable to third parties only if he or she has been guilty of fraud or collusion or of a malicious or tortious act. We decline to hold that an exception should be created in this case.

■ There can be no doubt that defendant Harley was acting solely in his capacity as an attorney and in his client's behalf when he sought the default judgment. As alleged by the plaintiff, defendant was guilty only of a miscomputation of time periods. Without allegations of malicious intentions, this conduct does not give rise to liability.

Plaintiff admits that he did not receive service of the summons. It is difficult to see how defendant committed a tort by seeking a default judgment prior to expiration of the time to answer if he could have waited until after expiration of that period and still filed for a default. Plaintiff would still not have answered. The only possible cause of action would be for failure to serve the summons, an act the defendant attorney is not liable for in this case.

Plaintiff cites Vernes v Phillips (266 NY 298) to support his position. But Vernes only strengthens defendant's argument. The attorney in Vernes committed the tort of false imprisonment, in the guise of counsel, but in reality acting in his own right. The court held that an attorney may be liable when he

acts beyond the scope of his duties as an attorney. In the case at bar, defendant was well within that scope.

■ Plaintiff's argument that violations of our civil practice code give rise to liability is far afield. To evidence liability, the violation must be of a statute designed to prevent a certain kind of harm to a certain class of persons (see Prosser, Torts [4th ed], § 36). The statute in contention serves as a guideline for clerks and practitioners. Nothing in it even remotely suggests that it was designed to protect potential defaulters.

We note that just recently we held that an attorney may be liable for commencement of a malpractice action against a doctor who had not even treated the person claiming injuries *(Drago v Buonagurio,* 61 AD2d 282). That case, involving acts well beyond any claim of propriety and involving "a clear intentional wrong", should be limited to its peculiar facts and not extended to the situation at bar.

The order should be affirmed, with costs.

SWEENEY, MAIN, LARKIN and MIKOLL, JJ., concur.

Order affirmed, with costs.