█ ROBERT W. CRONIN et al., Respondents, v CHARLES E. SCOTT et al., Defendants, and J. PHILLIP ZAND, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 9, 1979 in Ulster County, which denied defendant Zand's motion for summary judgment as to plaintiffs' fifth cause of action, with leave to renew; granted defendant Zand's motion for summary judgment as to plaintiffs' ninth cause of action, with leave to plaintiffs to serve a second amended complaint; and denied defendant Zand's motion for summary judgment as to plaintiffs' tenth cause of action. Plaintiffs' amended complaint sets forth numerous causes of action against various parties to recover losses they allegedly sustained in a business transaction. Briefly stated, it is maintained that they were fraudulently induced to post a certificate of deposit as collateral security for a corporate loan and that, following a default, they were wrongfully impeded in their efforts to obtain reimbursement from individual guarantors. This appeal is solely concerned with the causes of action directed at the defendant J. Philip Zand, an attorney who represented some of the remaining defendants. The ninth cause of action sounds in fraud; the tenth asserts a form of legal malpractice; and the fifth seeks to set aside a conveyance of real property to him by another defendant. Zand moved for summary judgment dismissing all three claims and now appeals from the order of Special Term, which granted his application with respect to the ninth cause of action while allowing plaintiffs to serve a second amended complaint, but

otherwise denied him relief. Special Term's disposition of the ninth cause of action was entirely proper. The pleading was deficient without alleging Zand's awareness of the falsity of the representation he supposedly made about the financial capability of defendant Charles E. Scott, but the opposition to his motion for summary judgment was plainly sufficient to reveal the underlying nature of the factual dispute and to justify an amendment of the complaint should plaintiffs desire to pursue the matter (cf. *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281). We also agree with Special Term's ruling with respect to the fifth cause of action in which plaintiffs contend Zand subsequently received real property from defendants Scott for less than adequate consideration and with a fraudulent intent to defeat their position as creditors of the Scotts. One of the critical facts thus raised is the amount Zand actually paid for the premises. Since that sum was not definitely established in his moving papers, further opposition by plaintiffs was not required at this point in the action (cf. CPLR 3212, subd [f]). Nevertheless, we do agree with defendant that summary judgment should have been granted dismissing plaintiffs' tenth cause of action. The amended complaint makes no reference to the existence of an attorney-client relationship between Zand and plaintiffs. To the contrary, plaintiffs stress Zand knew that another attorney represented them. Consequently, their claim must be founded on the obligation an attorney owes to a nonclient. As we have previously noted, however, an "attorney may be held liable to third parties only if he or she has been guilty of fraud or collusion or of a malicious or tortious act" *(Gifford v Harley*, 62 AD2d 5, 7). Zand's asserted violation of a disciplinary rule governing communications and advice to others (DR 7-104) would not independently rise to such a level, and plaintiffs have added nothing under this theory which is not already encompassed in their cause of action for fraud. The order of Special Term should, therefore, be modified accordingly. Order modified, on the law, by reversing so much thereof as denied the motion by defendant Zand for summary judgment dismissing plaintiffs' tenth cause of action, and motion granted to that extent, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.