■ MATCO ELECTRIC CO., INC., Respondent, v PLAZA DEL SOL CONSTRUCTION CORP. et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered July 2, 1980 in Albany County, which denied the motion of certain defendants (1) to dismiss the third, fourth and fifth causes of action in plaintiff's amended complaint, (2) to dismiss plaintiff's demand for appointment of a receiver and for a declaration that rents and profits constitute a fund for payment of defendants' creditors, and (3) to cancel the amended *lis pendens* filed herein. This controversy arises out of a written contract between plaintiff Matco Electric Co., Inc. (Matco) and defendant Plaza Del Sol Construction Corp. (Plaza Del Sol). Pursuant to the contract, plaintiff performed certain services incident to the installation of electrical systems in a shopping center construction project. Allegedly, Plaza Del Sol or its assignee failed to pay the full contract price when due. By the instant action plaintiff, in its amended complaint, alleges five causes of action and seeks recovery on theories of breach of contract, nonpayment of an account stated, *quantum meruit* or quasi contract, fraud and constructive trust. Plaintiff also seeks the appointment of a receiver to preserve the rents and profits of Plaza Del Sol Shopping Center and for a declaration that the rents and profits of the shopping center shall constitute a fund for payment of creditors. A notice of pendency was filed allegedly describing the property on which the shopping center is located. It is claimed in the complaint, *inter alia,* that during the course of the contract performance a series of fraudulent conveyances was made, without consideration, passing title to the property in question to three of the defendant corporations or partnerships; that while the contract designated Plaza Del Sol as "owner", it was not the owner at the time the contract was executed; and that Plaza Del Sol and its assignee held themselves out as "owners" and the true owners accepted and acquiesced in the work performed by plaintiff. Several of the defendants moved pursuant to CPLR 3211 (subd [a], par 7) to dismiss plaintiff's third *(quantum meruit* or quasi contract), fourth (fraud) and fifth (constructive trust) causes of action. They also moved to cancel the notice of pendency and to dismiss the demand for a receiver and for declaration that rents and profits constitute a fund for the payment of creditors. Special Term denied the motion in all respects and this appeal ensued. On a motion such as this the allegations in the complaint must be accepted as true, and if in any aspect upon the alleged facts plaintiff is entitled to recover, the

complaint must be sustained *(Kober v Kober,* 16 NY2d 191). Furthermore, since plaintiff's pleadings are cumulative, the entire complaint may be reviewed for purposes of testing the sufficiency of each cause of action. It is also well established that the allegations are to be most liberally construed in favor of the pleader *(Barr v Wackman,* 36 NY2d 371, 375). A consideration of these challenged causes of action in light of the above-mentioned principles compels us to conclude that Special Term properly sustained both causes of Action Nos. 3 and 4 *(Bradkin v Leverton,* 26 NY2d 192; *Trustees of Hamilton Coll. v Cunningham,* 70 AD2d 1048). We arrive at a contrary conclusion, however, with respect to cause of Action No. 5, alleging a constructive trust. The necessary prerequisites to establish a constructive trust have not been alleged. There is no allegation of confidential or fiduciary relationship *(Bankers Security Life Ins. Soc. v Shakerdge,* 49 NY2d 939). Consequently, the fifth cause of action should have been dismissed. As to the other relief requested by plaintiff, we are of the opinion that it has failed to demonstrate facts entitling it to an equitable lien since there are no allegations of a confidential relationship or an agreement that the premises would be held as security for the obligation (see *Anderman v 1395 E. 52nd St. Realty Corp.,* 60 Misc 2d 437). Neither is it entitled to the appointment of a receiver. What we are basically concerned with here is the recovery of money damages for a breach of contract for failure to pay the full contract price for work performed. In light of these determinations, the amended *lis pendens* must be canceled. Order modified, on the law, by reversing so much thereof as denied that part of defendants' motion to dismiss the fifth cause of action and plaintiff's demand for appointment of a receiver and for a declaration that rents and profits constitute a fund for the payment of defendants' creditors and to cancel the amended *lis pendens* filed herein, and that part of defendants' motion granted, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Yesawich, Jr., and Herlihy, JJ., concur.

Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). I concur with the majority's affirmance of Special Term's denial of defendants' motion to dismiss the third and fourth causes of action in plaintiff's amended complaint. I would also affirm Special Term's denial of defendants' motion to dismiss the fifth cause of action which seeks to impress a constructive trust on the subject realty on the grounds that the conveyance of title was gratuitous and made with an intent to defraud creditors. Plaintiff's right to this relief is grounded on sections 276 and 278 (subd 1, par a) of the Debtor and Creditor Law and is available to plaintiff in addition to any right plaintiff may have to a mechanic's lien (cf. *Merrihew v Parrott,* 168 App Div 704). The facts alleged in support of plaintiff's claim of fraud and fraudulent intent to defeat the rights of creditors are sufficient to withstand the motion to dismiss. The underlying facts also justify the invoking of the broad powers of equity to correct a fraudulent wrong such as is averred in the pleadings (see *Simonds v Simonds,* 45 NY2d 233; *Beatty v Guggenheim Exploration Co.,* 225 NY 380). Since an equitable lien or trust is sought to be imposed on the realty and it is alleged that the realty is now mismanaged or in danger of being lost, Special Term properly refused to strike the demand for receivership. Plaintiff, however, does not have the right to sue on behalf of other creditors and, accordingly, so much of the complaint as seeks a declaration that defendants' property constitutes a trust for the benefit of other creditors should be stricken.