■ RAJCHANDRA CORP. et al., Appellants, v TOM SAWYER MOTOR INNS, INC., et al., Defendants, and CHARLES L. BRAYTON et al., Copartners Practicing Under the Name of SAYLES, EVANS, BRAYTON, PALMER AND TIFFT, Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered February 11, 1982 in Chemung County, which, *inter alia,* granted a motion by defendant Sayles, Evans, Brayton, Palmer and Tifft to dismiss the complaint, and (2) from the judgment entered thereon. This is an action seeking rescission and damages arising from the purchase of a Tom Sawyer Motel in Elmira, New York, by plaintiffs. The various defendants were allegedly involved in the sale of the property to plaintiffs. On this appeal, we are concerned only with the alleged liability of defendant Sayles, Evans, Brayton, Palmer and Tifft (Sayles), a law firm that represented the sellers. The only theory upon which Sayles was sued is contained in the first cause of action, which claims that "[a]ll of the representations" made to plaintiffs "were

known by the defendants to be false and fraudulent and were made with intent to deceive and defraud these plaintiffs and deprive them of their property and to conceal from these plaintiffs material facts which were known to all of the defendants". The gist of the complaint against Sayles was its alleged fraud in preparing an agreement of purchase and sale which represented that the property was free from encumbrances and that the seller had "good and marketable title". Special Term dismissed the complaint as against Sayles, holding that the "Sayles firm representing the seller had no duty to disclose the alleged material facts to the plaintiffs". This appeal ensued. The record reveals that several years before the instant litigation, Tom Sawyer Motor Inns, Inc. (Tom Sawyer) brought an action against the County of Chemung claiming that there were noxious odors emanating from a county sewage treatment plant located adjacent to the motel. The lawsuit eventually culminated in a judgment in favor of Tom Sawyer which provided that payment by the county of a sum of money to Tom Sawyer would be compensation for a "servitude on the land" precluding future recovery by Tom Sawyer or its successors or grantees. Payment was thereafter made by the county. Concededly, none of the various documents prepared by Sayles in relation to the transfer of title to plaintiffs contained any reference to the prior litigation or to the "servitude on the land" contained in the earlier judgment. To succeed, plaintiffs must establish that there was "a representation of fact which is untrue and known to be untrue, or recklessly made, offered to deceive the other party and induce him to act upon it, causing injury" (*Bailey v Diamond Int. Corp.*, 47 AD2d 363, 365). The record fails to demonstrate any representation made by Sayles to plaintiffs. They owed a fiduciary duty to their own clients, Tom Sawyer Motor Inns, Inc., and on this record committed no acts which would give rise to their liability to plaintiffs (see *Gifford v Harley*, 62 AD2d 5, 7). We have considered plaintiffs' remaining arguments and find them unpersuasive. There must be an affirmance. Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.