■ ROBERT W. KAHN et al., Appellants, v CHARLES F. CRAMES et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered May 7, 1982 in Albany County, which, *inter alia,* denied plaintiffs' cross motion to settle a prior order dated December 2, 1981; dismissed the first cause of action contained in plaintiffs' amended complaint as against defendants Crames, Scheinkman and Golenbock and Barell; dismissed the second cause of action as against all defendants; ordered that certain portions of the amended complaint be stricken; and ordered that the first cause of action as against defendant Ilene N. Kahn be stricken with leave to replead said cause of action in conversion only, and only against defendant Kahn. In July, 1981, plaintiff Robert Kahn commenced an action for divorce against defendant Ilene Kahn who retained the law firm to Golenbock and Barell and two of the firm's associates, Charles Crames and Alan Scheinkman, as her attorneys of record. Thereafter, plaintiffs commenced an action against defendants Kahn and her attorneys, which resulted in an order on consent dismissing the complaint and granting plaintiffs leave to serve an amended complaint. In January, 1982, an amended complaint was served alleging, *inter alia,* in the first cause of action that plaintiffs stored in a special room in the marital residence of plaintiff Robert Kahn and defendant Ilene Kahn certain documents, papers and materials entrusted to plaintiffs by their clients; that defendant Kahn informed plaintiff Robert Kahn that she removed said items pursuant to the directions and instructions of her attorneys; that defendants agreed to convert and illegally misappropriate said items; and that defendants unlawfully and intentionally "misappropriated and converted and criminally retained" these materials for their own use and benefit refusing after plaintiffs' demand to return them. In the second cause of action contained in the amended complaint, it was alleged that defendants fraudulently misrepresented the true nature and ownership of certain of the materials taken. Also contained in the amended complaint are allegations concerning the qualifications of defendant attorneys to represent defendant Kahn due to their conduct. Defendants moved to dismiss the amended complaint and defendant Kahn sought a change of venue. Plaintiffs cross-moved to resettle Special Term's first order and to serve a second amended complaint. Special Term, *inter alia,* denied plaintiffs' cross motion to resettle and granted defendants' motion to dismiss the amended complaint, with leave to serve a second amended complaint solely against defendant Kahn and in conversion only. This appeal

ensued. Initially, plaintiffs contend that they have stated a cause of action for conversion in the first cause of action alleged in the amended complaint. On this motion to dismiss, the allegations in the amended complaint must be accepted as true and are to be liberally construed in favor of plaintiffs (*Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 980). To maintain a cause of action for conversion a plaintiff must establish legal ownership or an immediate superior right of possession to a specific identifiable thing and that a defendant with intent to interfere with such ownership or possession exercised dominion or actually interfered with the property to the exclusion of or in defiance of the plaintiff's rights (*Meese v Miller,* 79 AD2d 237). While Special Term found that a cause of action for conversion against defendant Kahn could be gleaned from the allegations in the amended complaint, it was held that no cause of action for conversion was stated against the attorneys. We disagree. An attorney may be held liable to third parties for wrongful acts if guilty of fraud or collusion or of a malicious or tortious act (*Gifford v Harley,* 62 AD2d 5, 7). From our reading of the amended complaint in which all factual allegations are assumed to be true and most liberally construed in favor of plaintiffs, we are of the view that plaintiffs have sufficiently alleged a cause of action for conversion against defendant attorneys (see *Bervy v Hotaling,* 88 AD2d 735). Furthermore, we are not here concerned with whether plaintiffs can prove the allegations but only that a cause of action has been stated. Accordingly, Special Term improperly dismissed the first cause of action as against defendant attorneys on the ground that it failed to state a cause of action. Plaintiffs' argument that a cause of action for fraud was stated in the second cause of action must fail, however, in view of the absence of allegations that defendants made a materially false representation for the purpose of inducing plaintiffs to rely thereon and plaintiffs did so rely in ignorance of its falsity to their injury (see *Brown v Lockwood,* 76 AD2d 721, 730). Special Term's dismissal of the second cause of action for failure to state a cause of action was, therefore, proper. We reject plaintiffs' arguments that the amended complaint was in compliance with the provisions of CPLR 3014 and 3024 (subd [a]). In our opinion, Special Term did not abuse its discretion in directing that the second amended complaint delete all references to the content of the matrimonial action between plaintiff Robert Kahn and defendant Ilene Kahn and not have annexed thereto the pleadings in the matrimonial action (CPLR 3024, subd [b]; see *Wegman v Dairylea Coop.,* 50 AD2d 108). Nor did Special Term err in directing the deletion of all criminal activities (see *Kelly v CBS, Inc.,* 59 AD2d 686). Plaintiffs' allegations in support of an attempt to have defendant attorneys disqualified from representing defendant Kahn on the ground that they stand to benefit by shifting the onus of wrongdoing upon defendant Kahn fail to state any recognizable cause of action and were properly stricken. Finally, plaintiffs' allegations concerning defendant attorneys' alleged violations of the Code of Professional Responsibility do not form the basis for a cause of action (see *Cronin v Scott,* 78 AD2d 745, 746) and Special Term's requirement that they be deleted was proper. We have examined the remaining arguments of the parties and find them unpersuasive. The order appealed from must be modified. Order modified, on the law, by deleting the second and fifth decretal paragraphs and substituting therefor the following paragraph: "Ordered that the first cause of action contained in the plaintiffs' amended complaint dated January 4, 1982 be and is hereby stricken with leave to plaintiffs to replead said cause of action in conversion only within thirty (30) days from the date of service of a copy of the order of the Appellate Division of the Supreme Court herein with the condition that said amended complaint shall delete all references to defendant attorneys' violation of the Code of Professional Responsibility and allegations concerning the qualifications and ability of defendant

attorneys to represent defendant Ilene N. Kahn, and that said amended complaint shall delete all references to the content of a matrimonial action pending between plaintiff Robert W. Kahn and defendant Ilene N. Kahn, and that the pleadings involved in such action shall not be annexed to the amended complaint hereafter served in the action, and that in addition thereto all assertions of criminal activity shall be stricken from such amended complaint and that, further, the complaint shall comply with the provisions of CPLR 3014 and 3024 (subd. [a]), and that plaintiffs' application to amend their complaint is granted to the extent set forth above and is in all other respects denied, and it is further", and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.