■ PATRICIA MCGOVERN et al., Respondents, v ELAINE J. MARTIN, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term, (Walsh, Jr., J.), entered December 16, 1985 in Schenectady County, which denied defendant's motion to dismiss the first cause of action in the complaint.

Plaintiff Patricia McGovern (hereinafter plaintiff) was a passenger in an automobile driven by her father, Thomas McGovern, also a plaintiff in this action, when the car was struck by an automobile being operated by defendant. As a result of the accident, plaintiff sustained cuts on her left foot and ankle that have resulted in scarring. She thereafter commenced this action alleging that the scars constituted a serious injury (*see,* Insurance Law § 5102 [d]; § 5104 [a]). Defendant, asserting that plaintiff had failed to state a cause of action, then moved to dismiss such cause of action, but Special Term denied the motion.

It is defendant's argument that scars to the foot and ankle cannot, as a matter of law, constitute a serious injury within the meaning of Insurance Law § 5102 (d). It must be remembered that defendant's motion was one to dismiss and not one for summary judgment. On a dismissal motion, the allegations contained in the complaint must be liberally construed and accepted as true, and all inferences reasonably flowing from such allegations must be resolved in the plaintiff's favor *(Sanders v Winship,* 57 NY2d 391, 394; *see, Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 980, *appeal dismissed* 55 NY2d 748). Here, all that is required to keep plaintiff's cause of action from being dismissed is a showing that she adequately pleaded that her injury was a serious injury within the meaning of the Insurance Law. The complaint expressly states that "the injury to the plaintiff was a 'serious injury' as defined in * * * the Insurance Law * * * in that she sustained significant disfigurement". Clearly, such pleading was sufficient to defeat the dismissal motion.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.