CRYSTAL A. CALLAHAN, Respondent, v BRADLEY M. CALLAHAN, Defendant, and PAUL H. WEIN, Appellant.

Third Department, April 23, 1987

---

### APPEARANCES OF COUNSEL

*Roche, Corrigan, McCoy & Bush (Scott W. Bush* of counsel), for appellant.

*Myron J. Cohn (Carl Holsberger, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

Defendant Bradley M. Callahan (hereinafter Callahan) and plaintiff were married in February 1978. In 1981, they purchased a 16-acre parcel with 670 feet of lake frontage in the Town of Ballston, Saratoga County, as tenants by the entirety. Discord developed and they eventually separated. During the early morning hours of October 3, 1985, Callahan visited plaintiff at her apartment and proposed that they immediately enter into a separation agreement disposing of their marital property, particularly the 16-acre parcel, which at this point was improved with a residence under construction. Callahan allegedly informed plaintiff that unless she cooperated, she would receive nothing in any subsequent divorce action.

Later that morning, plaintiff accompanied Callahan to the office of his attorney, defendant Paul H. Wein. En route, Callahan ostensibly indicated that the marital dwelling was worth $45,000 and that he would purchase plaintiff's interest for $30,000. Upon their arrival at Wein's office, plaintiff was presented with, *inter alia,* a proposed separation agreement, a deed conveying the marital property to Callahan, a $5,000 check and a waiver-of-attorney statement. She was also served with a summons with notice of divorce. Pursuant to the terms of the separation agreement, plaintiff would receive only $21,000 for her interest in the real estate, which amount was unsecured and payable in four semiannual installments, interest free. At approximately 10:30 A.M., plaintiff signed the aforementioned documents and received a check for $5,000, representing the first property installment. Plaintiff alleges that she was later informed that the property had a *minimum* fair market value of $150,000. She commenced the instant action against Callahan and Wein seeking rescission of both the separation agreement and deed, and an equitable distribution of the marital property. On this appeal, we are concerned only with Supreme Court's denial of Wein's CPLR 3211 (a) (7) motion to dismiss the complaint against him.

In her fifth cause of action, plaintiff essentially alleges that Wein, acting in concert with Callahan, misrepresented the value of the property and failed to disclose other pertinent information in order to induce her to release her interest in

the real estate. She further alleges that she relied upon Wein's statements because of their past friendship. Accepting these allegations as true *(see, Kahn v Crames,* 92 AD2d 634, 635), we find that the fifth cause of action adequately states a cause of action to recover for fraud. "On a motion such as this the allegations in the complaint must be accepted as true, and if in any aspect upon the alleged facts plaintiff is entitled to recover, the complaint must be sustained *(Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 979-980, citing *Kober v Kober,* 16 NY2d 191). In addition, "the allegations are to be most liberally construed in favor of the pleader" *(Matco Elec. Co. v Plaza Del Sol Constr. Corp., supra,* at 980).

At the outset, we observe that there is no substantive tort for conspiracy in New York *(see Raymond Corp. v Coopers & Lybrand,* 105 AD2d 926). Specific wrongful acts constituting an independent tort must be pleaded *(supra,* at 926-927; *see, Callahan v Gutowski,* 111 AD2d 464, 465). Plaintiff maintains that the complaint sufficiently sets forth the independent tort of fraud, acted upon as planned by defendants in concert. We agree. "An attorney may be held liable to third parties for wrongful acts if guilty of fraud or collusion or of a malicious or tortious act *(Kahn v Crames, supra,* at 635, citing *Gifford v Harley,* 62 AD2d 5, 7; *see, Harder v McGinn,* 89 AD2d 732, 733, *affd* 58 NY2d 663). To plead a cause of action for fraud, a plaintiff must allege a misrepresentation of a material existing fact, falsity, scienter, deception and injury *(see, e.g., Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871, 872). Nondisclosure is tantamount to an affirmative misrepresentation where a party to a transaction is duty-bound to disclose certain pertinent information (24 NY Jur, Fraud and Deceit, § 107, at 161). Such duty to disclose may arise where a fiduciary or confidential relationship exists or where a party has superior knowledge not available to the other *(see, Young v Keith,* 112 AD2d 625, 627; *County of Westchester v Becket Assocs.,* 102 AD2d 34, 50-51, *affd* 66 NY2d 642; 24 NY Jur, Fraud and Deceit, §§ 106-109, at 159-164). Here, plaintiff has alleged that Wein was personally familiar with the subject property, having visited it on several occasions, and yet still assured plaintiff that the assigned value of $45,000 was fair. Wein also allegedly represented that the separation agreement was fair and equitable and that plaintiff did not need her own attorney. Moreover, plaintiff argues that in view of the relationship of trust between them, Wein was obligated but failed to explain the

nature of her one-half interest in the marital property, and that she was entitled to security for the indebtedness as well as interest on the balance due.

Even if a case of actual fraud has not been presented for lack of the element of scienter, or actual awareness on Wein's part that false representations were made, the allegations do establish a breach of duty actionable as constructive fraud *(see, Del Vecchio v Nassau County,* 118 AD2d 615, 617-618; *Brown v Lockwood,* 76 AD2d 721, 730-731). To recover for constructive fraud, plaintiff need not prove actual knowledge of falsity, but only that a fiduciary or confidential relationship existed between herself and Wein *(supra; see,* 24 NY Jur, Fraud and Deceit, §§ 2, 17, 109, at 35, 52-53, 163-164). Wein maintains that no such relation of trust existed since he did not represent plaintiff *(see, Rajchandra Corp. v Sawyer Motor Inns,* 91 AD2d 801, 802). Plaintiff acknowledges that Wein served only as Callahan's attorney, but emphasizes that Wein was a trusted friend of both herself and Callahan and, as such, relied on his advice in signing the documents in dispute. The law is clear that an attorney who induces a nonclient to forego the advice of separate counsel in reliance on his own advice may be liable for any false representations made to the nonclient *(see, Wille v Maier,* 256 NY 465, 472; 6 NY Jur 2d, Attorneys at Law, § 65, at 539). Despite Wein's assertion that his social acquaintance with plaintiff did not justify any reliance, a clear question of fact exists on this point.

While it is well established that conclusory allegations of fraud do not satisfy the minimum pleading requirements of CPLR 3013 and 3016 (b) *(see, DiPace v Figueroa,* 128 AD2d 942; *Gorman v Gorman,* 88 AD2d 677, 678), we find that the complaint adequately apprises Wein of the conduct complained of *(see, Lanzi v Brooks,* 43 NY2d 778, 780; 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3016.04, 3016.05). Given the precipitous nature of this transaction, the serious question that exists as to the undervaluation of the property and the friendship that allegedly existed between plaintiff and Wein, who obviously stood in a position of superior knowledge, we find that the complaint adequately delineates a cause of action for fraud.

KANE, J. P., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, with costs.