■ Deborah M. Koncelik, Respondent, v Samuel Abady, Individually and Doing Business as Abady & Jaffe, Appellant.—Harvey, J.

Plaintiff commenced this action seeking to rescind an agreement to assign bail to defendant that she signed on January 14, 1988. At the time the agreement was signed, defendant

was employed as legal counsel to plaintiff's brother who was under indictment by a Federal Grand Jury. Bail was ultimately set at $100,000 and plaintiff arranged for the moneys through various sources to effectuate her brother's release. On January 14, 1988, plaintiff's brother was arraigned and she met defendant for the first time. According to plaintiff, during the course of the arraignment defendant allegedly approached the bench and then approached plaintiff with an air of urgency. He then requested that plaintiff sign a document which she was reportedly unable to read because defendant had the document folded in such a way that only the place for her signature was visible. Thinking that the document had to do with her brother's defense, plaintiff stated that she signed the document and defendant returned it to the court. Once the arraignment was completed, plaintiff asked defendant what she had signed and was allegedly told by defendant that the document was designed to protect the bail money from being impounded by government agents who suspected the funds were proceeds from drug trafficking. Later plaintiff learned that the document she signed was actually an assignment of bail purporting to assign plaintiff's interest therein to defendant in consideration for his legal services to her brother. In bringing suit, plaintiff has consistently averred that she was not aware of the document's contents and inasmuch as not all the bail money raised was hers, she would not have signed it had she known the contents.[1]

Following joinder of issue, plaintiff made several motions to the court relating to discovery. Defendant cross-moved seeking, *inter alia,* a change of venue and summary judgment dismissing the complaint.[2] Supreme Court denied defendant's cross motion in all respects and this appeal by defendant followed.

We affirm. Initially, defendant's contention that Supreme Court improperly denied his cross motion for summary judgment on the basis that the complaint failed to state a cause of

---

1. Notably, although the subject document was signed on January 14, 1988, the purported acknowledgment of that signature by defendant appearing on the second page of the document (plaintiff's signature appears at the bottom of the first page) is dated January 8, 1988, before defendant and plaintiff had even met.

2. Although in his brief on appeal defendant now claims that his cross motion was based on CPLR 3211 (a) (7), his motion papers quite clearly specify that it was made pursuant to CPLR 3212. Supreme Court decided it as such which was entirely appropriate considering that issue was joined and the parties submitted affidavits indicating that they considered the matter a summary judgment motion.

action is rejected. Defendant's arguments that he cannot be liable because he was not plaintiff's attorney and she voluntarily signed the document are not persuasive. Notably, attorneys may be held liable to nonclients for wrongful acts if guilty of fraud or collusion (see, *Callahan v Callahan,* 127 AD2d 298, 300). Similarly, while competent persons are normally bound by their signatures on documents, this rule does not hold true in cases such as this one where fraud is claimed (see, *Touloumis v Chalem,* 156 AD2d 230, 231-232; *Mattera v Mattera,* 125 AD2d 555, 557-558). To plead a cause of action for actual fraud the elements that must be shown are a misrepresentation of material facts, falsity, scienter and deception (see, e.g., *Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644, 646-647).

In our view, plaintiff's papers adequately allege a viable claim of actual fraud. This is true even though plaintiff does not allege that at the time she signed the agreement defendant made any affirmatively deceptive statements but only requested her signature in a hurried fashion, giving the impression that there was no time for questions. "Nondisclosure is tantamount to an affirmative misrepresentation where a party to a transaction is duty-bound to disclose certain pertinent information" (*Callahan v Callahan, supra,* at 300). This kind of duty arises "where a fiduciary or confidential relationship exists or where a party has superior knowledge not available to the other" (*supra,* at 300). Here, plaintiff's papers describing the circumstances surrounding the signing of the document including the immediate urgency of the courtroom atmosphere and defendant's status as her brother's attorney are sufficient to present a triable question of fact as to whether plaintiff justifiably relied on and trusted defendant as a fiduciary at the applicable time. This conclusion is further strengthened by the fact that defendant's proof in support of his assertions that no overreaching occurred is singularly unpersuasive. Significantly, in one affidavit before the court, defendant contends that plaintiff was aware of the contents of the agreement because he had allegedly discussed the particulars of the bail assignment prior to the arraignment. However, in a later affidavit defendant swears that he had never spoken to plaintiff about the assignment of bail because it was for her brother to arrange. Clearly these inconsistent statements raised triable issues and defendant's cross motion was properly denied.

We note additionally that even if a claim for actual fraud was not sufficiently stated, the evidence indicating a possible

confidential relationship between the parties was, at the minimum, sufficient to establish a viable claim for constructive fraud *(see, Callahan v Callahan, supra; Del Vecchio v Nassau County,* 118 AD2d 615, 617-618). Defendant's remaining contentions, including his contention that Supreme Court improperly denied his motion to change venue, have been examined and have been found to be unavailing.

Weiss, Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.