■ BANKERS TRUST COMPANY, Respondent-Appellant, v CERRATO, SWEENEY, COHN, STAHL & VACCARO, Appellant-Respondent, et al., Defendants.—Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered October 16, 1991, which, *inter alia,* denied plaintiff's motion for summary judgment, on its first and second causes of action alleging misappropriation and fraud, respectively, as against defendants Joseph C. LoCascio and Cerrato, Sweeney, Cohn, Stahl & Vaccaro and granted the respective cross-motions of said defendants to the extent of dismissing the first cause of action against LoCascio and the second cause of action as against both defendants insofar as it sought treble damages, and which denied so much of the cross-motion of Cerrato, Sweeney, Cohn, Stahl & Vaccaro to compel production of certain documents, unanimously modified, on the law, to the extent of denying that portion of defendant LoCascio's motion for summary judgment dismissing the first cause of action alleging misappropriation and reinstating said cause of action and as so modified, otherwise affirmed, without costs.

Plaintiff brought this action to recover damages allegedly caused by defendants' participation in the concealment, misappropriation and diversion of money assigned to it by letter agreement and assignment of the proceeds of a lawsuit being handled by the Cerrato, Sweeney law firm on behalf of their client, defendant Bernard. Defendant LoCascio negotiated the terms of the assignment. Plaintiff was never informed that the action was settled and the proceeds were paid directly to Bernard and not forwarded to plaintiff.

The settlement proceeds were a proper subject of a misappropriation and conversion claim *(Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113, 124, *lv denied* 77 NY2d 803). It need only be shown that a plaintiff had legal title or an immediate superior right of possession to the identifiable fund and the exercise by defendants of unauthorized dominion over the money in question to the exclusion of plaintiff's rights *(Meese v Miller,* 79 AD2d 237, 242-243). While the Cerrato, Sweeney law firm contends that it had no duty to act or refrain from acting with respect to plaintiff as it had no involvement with the assignment and agreement, the firm may be chargeable with LoCascio's knowledge if it clothed him with the apparent authority to act on its behalf *(see, Hallock v State of New York,* 64 NY2d 224). Evidence was presented that LoCascio was listed as a member of the firm and then as "of counsel" during the period in question *(see, Royal Bank & Trust Co. v Weintraub, Gold & Alper,* 68 NY2d 124). Inasmuch as evidence was presented from deposition testimony that LoCascio had knowledge of the settlement and allegedly misrepresented the status thereof, thus facilitating the misappropriation, the court erred in dismissing the first cause of action for misappropriation as against LoCascio.

While an attorney acting in good faith is generally not liable to third persons for the acts of his clients *(see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 170 AD2d 108, 118), "[a]n attorney may be held liable to third parties for wrongful acts if guilty of fraud or collusion or of a malicious or tortious act" *(Kahn v Crames,* 92 AD2d 634, 635). A triable issue of fact was presented as to whether the firm was aware of the assignment either directly or vicariously when it negotiated the settlement terms, and that these actions and the failure to apprise plaintiff of the settlement to its detriment were the direct cause of plaintiff's damages. Thus, the "nexus between the aider and abettor and the primary fraud is made out" *(National Westminster Bank v Weksel,* 124 AD2d 144, 149, *lv denied* 70 NY2d 604).

The court properly struck the claim for treble damages pursuant to Judiciary Law § 487, as the alleged deceit did not occur during a pending judicial proceeding in which plaintiff was a party *(Singer v Whitman & Ransom,* 83 AD2d 862, 863). The court also properly denied the motion to compel discovery of the memoranda as privileged documents *(First Chicago Intl. v United Exch. Co.,* 125 FRD 55, 57-58). Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.