■ EUGENE MILLS, Respondent, v THOMAS DULIN, Individually and as Executor of FRANK VARGO, Deceased, Appellant, et al., Defendants. [597 NYS2d 478] —Weiss, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered December 6, 1991 in Saratoga County, which, *inter alia,* denied defendant

Thomas Dulin's motion for summary judgment dismissing the complaint against him.

On August 5, 1987, plaintiff signed a contract to purchase real property in the Town of Milton, Saratoga County, from the "Vargo Estate" for the sum of $295,000. The property was described as "Middleline, Galway and White Rd" and stated, "The lot size of the property is approximately 251.38 A." The contract was signed on the seller's behalf as "Thomas Dulin Prelim. Exec." and "Katherine N. Vargo" and the deed was executed on behalf of "Estate of Frank Vargo by Thomas N. Dulin, Preliminary Executor". Unlike the contract, the deed contained metes and bounds descriptions of three distinct parcels. Plaintiff executed and delivered his note and purchase money mortgage to "Katherine M. Vargo and The Estate of Frank Vargo, Thomas N. Dulin Executor", containing the same metes and bounds descriptions of the mortgaged premises. Plaintiff alleges that he subsequently learned that parcel 2 contained only 64.44 acres instead of the 80.38 acres as represented to him by Dulin. Additionally, plaintiff alleges that the subject property includes 100 acres of wetlands, not 79 acres which he contends was represented by Dulin. Plaintiff further alleges that Dulin overcharged and collected $2,394.74 in interest on the note.

This action was commenced in June 1990 against multiple defendants including Dulin, who has been sued individually and as executor of Vargo's estate. Dulin moved for summary judgment dismissing the complaint against him entirely, or alternatively for leave to serve an amended answer and counterclaim, and for an order to compel plaintiff to appear for an examination before trial at his offices in the City of Albany. Supreme Court found that "there are issues of fact which preclude summary judgment"* and denied dismissal, but granted Dulin leave to amend his answer and ordered that the oral deposition of plaintiff be held in Saratoga County on or before November 15, 1991. This appeal by Dulin ensued.

The complaint is not included in the record but we ascertain that three causes of action have been alleged against Dulin: breach of contract for failure to convey the acreage set forth in the contract, negligence in statements and representations regarding the acreage and quantity of wetlands within that acreage, and overassessment and overcharging of interest on the mortgage.

---

* In its decision, the court failed to articulate its reasoning or identify which factual issue remained unresolved, thus denying this Court the benefit of its reasoning (see, Dworetsky v Dworetsky, 152 AD2d 895, 896).

It has been established that New York law does not recognize any liability on the part of an attorney to a non-client third party for injuries sustained as a result of the attorney's actions in representing his client absent fraud, collusion or a malicious or intentionally tortious act *(see, Michalic v Klat,* 128 AD2d 505, 506; *see also, Offenhartz v Cohen,* 168 AD2d 268; *Estate of Spivey v Pulley,* 138 AD2d 563, 564; *Callahan v Callahan,* 127 AD2d 298). Further, because privity between plaintiff and Dulin was lacking, the causes of action against him individually for negligence and breach of contract should have been dismissed *(see, Offenhartz v Cohen, supra; Michalic v Klat, supra; see also, Viscardi v Lerner,* 125 AD2d 662).

Notwithstanding the foregoing, an attorney may be held liable to third parties for wrongful acts if guilty of fraud, collusion or of a malicious or tortious act *(see, Callahan v Callahan, supra,* at 300; *Kahn v Crames,* 92 AD2d 634, 635; *Gifford v Harley,* 62 AD2d 5, 7; *Harder v McGinn,* 89 AD2d 732, 733, *affd* 58 NY2d 663). Plaintiff argues that it is not clear whether Dulin was acting as an attorney or whether he was performing services on behalf of his client during relevant times. However, plaintiff has failed to offer proof in any form to show that Dulin was acting in any capacity other than as the preliminary executor for Vargo's estate. Plaintiff's brief refers to "tortious acts" and his opposing affidavit states that Dulin "represented" that a map exhibited to him fairly and accurately described the parcels. He further states, "I was told by Mr. Dulin * * * the total acreage". Finally, plaintiff states, "It was also explained by Mr. Dulin" that 79 of the 251.38 acres were comprised of wetlands. In *Callahan v Callahan (supra),* this Court held: "To plead a cause of action for fraud, a plaintiff must allege a misrepresentation of a material existing fact, falsity, scienter, deception and injury" *(supra,* at 300; *see, Kahn v Crames, supra,* at 635; *Harder v McGinn, supra,* at 733; *Gifford v Harley, supra,* at 7). The words plaintiff has attributed to Dulin fall far short of the requisite representation. Absent proof of the required allegations in evidentiary form, any cause of action against him individually couched in fraud should also have been dismissed *(see, Zuckerman v City of New York,* 49 NY2d 557).

Yesawich Jr., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment dismissing the complaint against defendant Thomas Dulin individually; motion for summary judgment granted to that extent and all claims against defendant

Thomas Dulin in his individual capacity are dismissed; and, as so modified, affirmed.