■ CHERYL Y. REIDY, Individually and as Parent and Guardian ad Litem of JAMES M. REIDY et al., Infants, Respondent, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Defendants, and ST. CATHERINE'S CENTER FOR CHILDREN, Appellant. [598 NYS2d 115] —Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 25, 1991 in Albany County, which, *inter alia,* denied a motion by defendant St. Catherine's Center for Children for summary judgment dismissing the first cause of action against it.

Plaintiff commenced this action against, among others, defendant St. Catherine's Center for Children (hereinafter defendant) for damages allegedly resulting from defendant's failure to disclose information to plaintiff concerning the physical, mental and emotional condition of James M. Reidy prior to his 1984 placement in the home of plaintiff and her husband. Plaintiff's first cause of action, at issue on this appeal, alleges in pertinent part that, prior to the placement, plaintiff asked representatives of defendant whether Reidy had any sexually related problems and, relying upon the negative response to her inquiry, plaintiff and her husband took Reidy into their home and proceeded toward his adoption. In July 1984, plaintiff became aware of sexual proclivities of Reidy of such a nature that plaintiff felt compelled to give up her full-time employment in order to be a full-time mother to Reidy and her other children. Plaintiff sought damages for, among other things, her resulting lost income. Following joinder of issue, defendant moved for summary judgment dismissing the first cause of action upon the ground that it sought impermissible derivative damages for negligent injury to Reidy. Supreme Court denied the motion and defendant appeals.

We affirm. In an effort to support its motion and appeal, defendant has substantially mischaracterized plaintiff's first cause of action. Contrary to defendant's representation, the

cause of action does not allege negligence. Rather, as properly found by Supreme Court, the cause of action alleges with sufficient particularity the required elements of fraud, i.e., misrepresentation of a material fact, falsity, scienter and deception (see, Koncelik v Abady, 179 AD2d 942, 944). The record also reveals questions of fact regarding defendant's representations, whether they were material, the intent with which they were made (see, Ridgeline Constructors v Elmira Glass Technology Corp., 183 AD2d 1041, 1044; Striker v Graham Pest Control Co., 179 AD2d 984, lv dismissed 79 NY2d 1040) and the extent of plaintiff's damages (see, Lawrence v Houston, 172 AD2d 923).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.