■ RONALD FRANCO et al., Respondents, v RONALD S. ENGLISH et al., Defendants, and BAER MARKS & UPHAM, Appellant. [620 NYS2d 156] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nastasi, J.), entered February 5, 1993 in Westchester County, which denied a motion by defendant Baer Marks & Upham to dismiss the amended complaint against it for, inter alia, failure to state a cause of action.

This action stems from a failed 1986 real estate syndication in which the individual plaintiffs lost a combined investment of approximately $2.67 million. In 1984, defendants Allen Yudell and Martin Yudell (hereinafter collectively referred to as the Yudells), general contractors, organized plaintiff Delco Development Company of Fairview (hereinafter Delco), a New Jersey limited partnership, for the purpose of acquiring and developing a parcel of commercial property located in New Jersey. The Yudells were the general and limited partners of Delco. In December 1985, defendants Ronald S. English and Whitecliff Realty Corporation, a corporation wholly owned by English (hereinafter collectively referred to as English and Whitecliff) organized plaintiff Bergen County Associates Limited Partnership (hereinafter Bergen) to raise funds to acquire a 49% limited partnership interest in (and eventually ownership of) Delco. In April 1986, English and Whitecliff, the general partners of Bergen, solicited the individual plaintiffs to become limited partners in Bergen. The solicitation was

made through an offering memorandum (hereinafter referred to as the Prospectus) which was prepared by English and Whitecliff's attorneys. The Prospectus contained the following clause: "Upon the purchase of the initial partnership interest in Delco, the Yudells will provide [Bergen] a guaranty of completion and performance bond to guarantee the completion of the rehabilitation of the Property." In making their investment contribution, the individual plaintiffs allege that they relied upon this representation as a guarantee to provide adequate financing to complete the multi-million dollar project in the event the Yudells defaulted.

At the June 6, 1986 closing for the purchase of the Yudells' limited partnership interest in Delco, Bergen was represented by English and Whitecliff's counsel, defendants Weiner, Zuckerbrot & Weiss, and the Yudells were represented by defendant Baer Marks & Upham (hereinafter Baer Marks) through their then partner, defendant Robert A. Levitas. The Yudells executed a performance bond in favor of Delco and Bergen which, in substance, amounted to a personal guarantee by the Yudells to complete the project. Levitas also executed the performance bond as a surety to the extent of $200,000. The individual plaintiffs allege that upon execution of the performance bond, their investment moneys were released from escrow by English and Whitecliff, including $2.5 million used to acquire Bergen's 49% limited partnership interest in Delco. Two other transactions occurred simultaneously with the purchase of the Yudells' limited partnership interest in Delco. First, Delco, also represented by Baer Marks through Levitas, exercised its option to purchase the property and, second, Delco contracted with the Yudells to be the general contractor. None of the individual plaintiffs' investment moneys were used to acquire the property which was purchased using $4.5 million from the proceeds of an $8 million first mortgage loan financed by Chase Manhattan Bank following its purchase of economic development bonds issued by the New Jersey Economic Development Authority (hereinafter Authority). At the closing, an $8 million first mortgage was placed upon the property in favor of the Authority.

The Yudells allegedly failed to complete the project. When the individual plaintiffs discovered that the performance bond was insufficient to complete the project, they, individually and on Bergen's behalf in its capacity as a limited partner of Delco, commenced this action sounding in fraud, breach of fiduciary duty and negligence. Bergen and Delco were also separately named plaintiffs. The individual plaintiffs seek to

recover their lost investment in Bergen, the money paid by Delco to purchase what they now contend is a valueless parcel of property, as well as punitive damages. The individual plaintiffs specifically claim that English and Whitecliff, *inter alia,* fraudulently solicited their initial investment in Bergen through the above-quoted representation in the Prospectus of an adequate performance bond, failed to disclose to the investors at closing that the performance bond was inadequate, authorized the release of the investors' funds from escrow despite the inadequate performance bond, permitted the first mortgage to be placed against the property without fair consideration and increased Bergen's indebtedness on the property by purchasing another 49% interest in Delco.

Seven of plaintiffs' 38 causes of action are directed against Baer Marks. The second, fourth and sixth causes of action essentially charge Baer Marks with aiding and abetting English and Whitecliff's fraud through Levitas' actions, particularly his execution of the performance bond while allegedly knowing that it was inadequate. The 34th through 37th causes of action are derivative claims on behalf of Delco which directly charge Baer Marks with fraud, constructive fraud, breach of fiduciary duty, gross negligence and negligence based upon Levitas' execution of the performance bond as surety while allegedly knowing it was inadequate and permitting the property to be mortgaged without fair consideration because of the inadequate bond. Baer Marks moved to dismiss the amended complaint against it for, *inter alia,* failure to state a cause of action. Supreme Court denied the motion. Baer Marks appeals.

Initially, we note that "[o]n a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction * * *. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory [citations omitted]" *(Leon v Martinez,* 84 NY2d 83, 87-88; *see, Morone v Morone,* 50 NY2d 481, 484; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). Such a review does not involve an examination of the underlying merits of a plaintiff's claim.

In reviewing the primary fraud allegations against English and Whitecliff contained in the first, third and fifth causes of action, we find that they allege with sufficient particularity *(see,* CPLR 3016 [b]) the required elements of fraud, i.e., misrepresentation of a material fact, falsity, scienter, decep-

tion and injury *(see, Reidy v Albany County Dept. of Social Servs., 193 AD2d 992).*

Furthermore, contrary to Baer Marks' arguments, we find that the aiding and abetting allegations of the second, fourth and sixth causes of action are sufficient to allege a nexus between the primary fraud, Baer Marks' knowledge of the fraud and what it did with the intention of advancing the fraud's commission *(see, National Westminster Bank v Weksel, 124 AD2d 144, 148, lv denied 70 NY2d 604).* Although, as plaintiffs concede, Baer Marks did not prepare the Prospectus, did not represent Bergen, English, Whitecliff or the limited partners and was not involved in the solicitation of the investors, the act of its partner, Levitas, in executing the performance bond as surety when he knew or should have known that it was inadequate to cover the costs of completing the project, allegedly satisfied the condition which permitted the individual investors' funds to be released from escrow, thus substantially assisting consummation of Bergen's purchase of the limited partnership interest in Delco.

Unlike a law firm which stands mute in the face of its client's fraud, Baer Marks' active participation, through Levitas, its partner, in the execution of the performance bond supports the further inference of aider and abettor liability on the part of Baer Marks *(see, supra).* Baer Marks argues that Levitas lacked the authority to bind it on the performance bond in that he signed in his individual capacity. Although the performance bond makes no mention of Baer Marks, that Levitas was its partner, that he was counsel to the Yudells or even that he was an attorney, the absence of detailed factual allegations as to his authority to act on behalf of the firm is not fatal; for if Levitas possessed such authority only he and Baer Marks "would have knowledge of the details" *(Grumman Aerospace Corp. v Rice, 196 AD2d 572, 573).* The factual allegation that Levitas executed the performance bond as surety in his capacity as a Baer Marks partner is sufficient to satisfy the detailed pleading requirements of CPLR 3016 (b) *(see, Lanzi v Brooks, 43 NY2d 778).* Therefore, Supreme Court properly denied dismissal of the second, fourth and sixth causes of action against Baer Marks.

In addition, Baer Marks contends that the individual plaintiffs, as limited partners of Bergen, not Delco, lack standing to bring the 34th through 37th causes of action on Delco's behalf. This contention overlooks the fact that at the time the transactions complained of occurred, Bergen was itself a limited partner of Delco. It was, therefore, vested with the authority

under Partnership Law § 115-a (1),[1] to bring these derivative causes of action to recover a judgment on behalf of Delco for the loss of its partnership assets resulting from the acts of Delco's general partners. Ordinarily, Bergen's derivative action would be prosecuted by its general partners, but where, as here, the general partners of Bergen are alleged to have engaged in fraud along with the general partners of Delco, there is no representative of Bergen capable of prosecuting the derivative action against Delco's general partners except for the limited partners of Bergen. Accordingly, under these circumstances, we find that the individual plaintiffs have standing.

The 34th through 37th causes of action allege primary claims against Baer Marks. These claims are premised upon the theory that Levitas' execution of the performance bond as surety, failure to disclose its supposed inadequacy to Bergen's limited partners, and Levitas' and Baer Marks' continued silence concerning the inadequacy of the performance bond when Bergen exercised the first option[2] constituted actionable fraud, breach of duty and negligence. At the outset, we note the existence of an attorney-client relationship between Delco and Baer Marks in connection with the purchase of the property and the closing of the mortgage loan. Therefore, it is obvious that there was a fiduciary relationship between Baer Marks and Delco concerning these transactions (see, Greene v Greene, 56 NY2d 86, 92; Krouner v Koplovitz, 175 AD2d 531, 532; see also, Matter of Cooperman, 83 NY2d 465, 471-472). In our view, this fiduciary relationship extended to Bergen, the limited partner of Delco, and to the constituents of Bergen, the general and limited partners. Second, contrary to Baer Marks' contention that no claim for fraud can lie because neither Levitas nor Baer Marks made any representations to individual plaintiffs, we find the misrepresentation element to be satisfied by the allegation that Baer Marks failed to disclose the terms of the performance bond to the limited partners of Bergen at the time of the closing on the property. Such an allegation of nondisclosure is tantamount to an affirmative misrepresentation because of the fiduciary relationship between Delco and Baer Marks (see, Koncelik v

1. Partnership Law § 115-a (1) provides that "[a]n action may be brought in the right of a limited partnership to procure a judgment in its favor, by a limited partner, additional limited partner, or substituted limited partner".

2. The first option resulted in Bergen's purchase of an additional 49% interest in Delco and increased Delco's indebtedness on the property by some $2,950,000.

*Abady,* 179 AD2d 942, 944). Baer Marks contends that the individual plaintiffs were deemed to have knowledge of the terms of the bond through English and Whitecliff, the general partners of Bergen, to whom the details had been disclosed. While it is ordinarily the case that the knowledge of the general partners acting in a particular matter operates as knowledge to the rest of the partnership, such knowledge cannot be imputed when the general partners are engaged in the commission of a fraud upon the partnership *(see,* Partnership Law § 23). Here, Bergen's general partners are accused of committing a fraud upon the partnership, therefore, their knowledge of the terms of the performance bond at the time of the closing cannot be imputed to the individual plaintiffs, the limited partners of Bergen.

The factual allegations of the 34th and 35th causes of action concerning Levitas' knowledge of the fraud, like those of the other fraud-based claims (second, fourth, and sixth causes of action) are set forth in sufficient detail to clearly apprise Baer Marks of the incidents complained of *(see, Lanzi v Brooks,* 43 NY2d 778, 780, *supra; Grumman Aerospace Corp. v Rice,* 196 AD2d 572, 573, *supra; Callahan v Callahan,* 127 AD2d 298, 301). Furthermore, to recover against Baer Marks on their theory of constructive fraud, plaintiffs need not prove scienter, but only, as demonstrated above, the existence of a fiduciary relationship between Baer Marks and Delco *(see, Callahan v Callahan, supra).* Also, plaintiffs' derivative claims for negligence in the provision of professional services by Baer Marks (36th and 37th causes of action) state viable causes of action because they are premised upon the contractual privity existing between Baer Marks and Delco arising out of their attorney-client relationship *(see, National Westminster Bank v Weksel,* 124 AD2d 144, 146-147, *supra).* Accordingly, Supreme Court's denial of Baer Marks' motion to dismiss the 34th through 37th causes of action was appropriate.

We do, however, find merit in Baer Marks' contention that plaintiffs have not pleaded actionable claims for punitive damages. The stated causes of action upon which the claims for punitive damages are based, do not "allege facts demonstrating such a high degree of moral culpability as to warrant a recovery of punitive damages" *(Rose Lee Mfg. v Chemical Bank,* 186 AD2d 548, 550-551; *see also, Walker v Sheldon,* 10 NY2d 401, 404-405). Furthermore, there is no allegation that the conduct was aimed at the public generally *(see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 613; *Walker v Sheldon, supra,* at 405).

White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Baer Marks & Upham to dismiss the claims for punitive damages; motions granted to that extent and the claims for punitive damages dismissed against said defendant; and, as so modified, affirmed.