North Am. Airlines, Inc. v Wilmington Trust Co. (2019 NY Slip Op 03133)





North Am. Airlines, Inc. v Wilmington Trust Co.


2019 NY Slip Op 03133


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Friedman, J.P., Gische, Kapnick, Kahn, Oing, JJ.


7314 602985/09

[*1]North American Airlines, Inc., Plaintiff-Respondent,
v
Wilmington Trust Company, etc., et al., Defendants-Appellants.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants.
Eversheds Sutherland (US) LLP, Atlanta, GA (Shawn D. Rafferty of the bar of the State of Georgia, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 7, 2017, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the causes of action for breach of a lease agreement, ordering a damages trial thereon, and conversion, and for dismissal of defendant Wilmington Trust Company's (WTC) counterclaims for breach of contract, unanimously affirmed, with costs.
Plaintiff alleges that defendant, the owner trustee of a trust holding a Boeing 767 airplane, breached a contract governing the lease of the airplane by refusing to reimburse it for necessary maintenance work and repairs to one of the airplane's engines. Plaintiff also alleges that defendant wrongfully drew money under a letter of credit funded by plaintiff in lieu of a security deposit minutes before it was to expire. Defendant alleges that plaintiff breached the lease by failing to timely redeliver the plane and by failing to return it in the required condition.
The motion court correctly granted plaintiff summary judgment on the claim for breach of the lease agreement. Defendant contends that plaintiff's right to reimbursement is governed by two separate provisions and that the court erroneously overlooked one of them. This argument is unpreserved and, in any event, without merit.
Section 4.3(b)(ii)(A)(2) is ambiguous, because the term "full performance restoration" is not defined, and it is unclear what that term entails (see Frenkel Benefits, LLC v Mallory, 142 AD3d 835 [1st Dept 2016]). The uncontroverted extrinsic evidence submitted to show the customary usage of the term (see id.; Fox Film Corp. v Springer, 273 NY 434, 436 [1937]; J.P. Morgan Inv. Mgt. Inc. v AmCash Group, LLC, 106 AD3d 559 [1st Dept 2013]) supports plaintiff's argument. Plaintiff's expert affidavit demonstrates that the term "full performance restoration" is used commonly in the commercial aviation industry to describe engine maintenance equivalent to the "performance workscope" that was performed on the subject engine, and defendant's evidence does not rebut this showing. Further, defendant's evidence acknowledges that "full performance restoration" was performed on the engine.
We reject defendant's argument that the "full performance restoration" that was done does not qualify as reimbursable work because the shop visit was not made for the purpose of "restor[ing] the [e]ngine performance (i.e. EGT margin)." Although the shop visit was initially occasioned by a blade failure, and plaintiff did not know what the EGT margin was at the time the blade damage was discovered, it is undisputed that the EGT margin was found to be low and that its restoration was performed. The fact that the EGT margin restoration was a consequence, as opposed to a purpose, of the shop visit does not bar plaintiff from reimbursement.
Defendant's argument that the conversion claim should be dismissed because it "actually constitutes a potential claim for contract damages" is unpreserved and, in any event, unavailing. The damages sought on the conversion claim did not directly arise from breach of the lease, but only as a consequence of drawing down the funds under the letter of credit. They are also distinct from those damages sought on the breach of contract claim (cf. Cronos Group Ltd. v [*2]XcomIP, LLC, 156 AD3d 54, 75 [1st Dept 2017] [where conversion claim merely restated claim for damages for breach of contract based on failure to pay charges due and owing, it was properly dismissed]).
The court correctly granted plaintiff summary judgment on the conversion claim. While section 4.3(a) of the lease grants defendant broad discretion in drawing on the letter of credit, it also indicates that the purpose of the letter of credit is to ensure recovery of funds owed by plaintiff or expended as a consequence of plaintiff's breach of the lease. Although defendant technically complied with the requirements of the letter of credit by submitting a letter certifying that an "Event of Default" had occurred when it drew the funds, it has not demonstrated that it sustained damages as a result of plaintiff's alleged breach so as to be entitled to retain the funds. Defendant exercised unauthorized dominion over the money in question (see Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384 [lst Dept 1992]) and transferred it to nonparty Air Italy S.p.A. Therefore, plaintiff is entitled to recover on its claim for conversion. Defendant's argument that it could properly draw on the letter of credit to recover unpaid rent and Maintenance Reserve Payments that stemmed from plaintiff's retention of the airplane after the lease's termination date is unpreserved, and unpersuasive, as WTC had not sustained the above damages at the time of the draw.
The court correctly dismissed defendant's breach of contract counterclaims. Defendant's contention that plaintiff is judicially estopped to argue that defendant may not assert the counterclaims on behalf of Air Italy is unpreserved and, in any event, without merit. Further, the record does not support defendant's contention that Air Italy became a trust beneficiary, or had a possessory interest in the plane. Defendant's contention that, in any event, it is still entitled to pursue the breach of contract counterclaims in its capacity as owner trustee and lessor, pursuant to the trust agreement and lease is unpreserved and we decline to address it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK