[709 NYS2d 668]

Deborah M. Koncelik, Respondent, v Samuel A. Abady, Individually and Doing Business as Abady & Jaffe, Appellant.

Third Department, June 15, 2000

**APPEARANCES OF COUNSEL**

*Samuel A. Abady & Associates,* New York City (*Samuel A. Abady* of counsel), for appellant.

*Ackerman, Wachs & Finton, P. C.*, Albany (*F. Stanton Ackerman* of counsel), for respondent.

### OPINION OF THE COURT

GRAFFEO, J.

In the late 1980's defendant, an attorney, represented the brother of plaintiff in a criminal action in United States District Court for the Northern District of New York. In the course of the criminal proceeding, plaintiff posted bail in the amount of $100,000. On January 14, 1988, in the midst of one of her brother's court appearances and at defendant's behest, plaintiff signed an agreement assigning the bail proceeds to defendant, allegedly to cover counsel fees. Plaintiff subsequently made a motion in District Court to rescind the agreement, claiming that defendant misrepresented the nature of the document she signed. A plea of guilty to certain Federal charges was eventually entered by plaintiff's brother, thereby concluding the underlying criminal matter. After trying unsuccessfully to settle the parties' dispute over the bail assignment, District Court issued a letter decision and order on June 21, 1989 dismissing plaintiff's motion for rescission of the bail assignment over which it had exercised "ancillary jurisdiction," without prejudice to plaintiff initiating an action for such relief in State court.

Plaintiff then commenced this action seeking rescission of the bail assignment agreement on the basis that defendant fraudulently induced her to sign the document. After defendant's motion for summary judgment dismissing the complaint for failure to state a cause of action was denied by Supreme Court, defendant appealed to this Court which found that plaintiff had stated a viable claim for actual fraud (*see, Koncelik v Abady*, 179 AD2d 942). A number of court appearances were scheduled by Supreme Court to resolve various discovery issues, including contempt motions relating to defendant's failure to comply with discovery demands and to appear for his deposition. By his own admission, defendant did not attend the scheduled appearances, nor did any other attorney from his law firm appear on his behalf. Instead, defendant repeatedly forwarded affirmations of actual engagement indicating that his presence was required at other courts, conflicting with the appearances ordered in this case. In several instances, these affirmations were submitted to Supreme Court just prior to the required appearances, inconveniencing opposing counsel and the court, and on at least one occasion the affirmation was

received by the court one hour after defendant was scheduled to appear.

In September 1991, on motion of plaintiff, defendant's answer was stricken based on his failure to participate in discovery and depositions and, accordingly, an inquest was set for April 16, 1992. The day before the inquest, defendant again sent an affirmation of actual engagement informing Supreme Court that he would not be available the next day. However, a judgment granting plaintiff's application for rescission of the assignment agreement was issued[1] and defendant did not appeal after entry of the judgment.

Six years later, defendant brought this motion to vacate the judgment and dismiss the prior orders of Supreme Court, including those finding him in contempt, asserting that the court lacked subject matter jurisdiction over the controversy as it involved the disposition of bail funds deposited with a Federal court. Supreme Court denied the motion and we affirm.

In the prior appeal, we held that plaintiff's claim sounded in common-law fraud (*see, Koncelik v Abady, supra*, at 944), and thus Supreme Court, as a court of virtually unlimited jurisdiction (*see,* Siegel, NY Prac § 8, at 10 [3d ed]), clearly had subject matter jurisdiction over this State law claim. Defendant's primary argument on this appeal is that Supreme Court is divested of jurisdiction because the Federal courts retain exclusive jurisdiction of matters involving the disposition of Federal bail funds.

Contrary to defendant's contentions, this common-law fraud claim does not raise a Federal question merely by virtue of its connection with Federal bail funds and, even if it did, there is no basis to conclude that District Court's jurisdiction over the issue would be exclusive rather than concurrent. In addition to jurisdiction over State claims, State courts are presumed to have concurrent jurisdiction with Federal courts over Federal claims (*see, Gulf Offshore Co. v Mobil Oil Corp.*, 453 US 473, 477-478). This presumption "can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests" (*id.*, at 478). None of these circumstances is present here.

---

1. Defendant failed to include in the record copies of plaintiff's complaint and the judgment granting the relief sought therein.

Defendant has failed to identify any explicit statutory directive governing this matter.[2] Nor, in spite of defendant's assertions, is there an incompatibility between State court jurisdiction and Federal concerns. As District Court found when it dismissed plaintiff's rescission motion without prejudice, any exclusive interest in the disposition of the bail funds ended when the underlying criminal action was terminated. Finding no authority supporting defendant's contention that Federal court jurisdiction over such disputes is exclusive, rather than concurrent,[3] particularly under the circumstances of this case where District Court explicitly allowed plaintiff to pursue a remedy in State court, we find no reason to disturb the order of Supreme Court denying defendant's application.

We have considered the remaining contentions of defendant and find them to be lacking in merit.

CREW III, J. P., MUGGLIN, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is affirmed, with costs.

---

**2.** 28 USC § 1352 provides that Federal "district courts * * * have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States." Because disputes involving collateral agreements are not considered "action[s] on a bond," this provision may not be invoked as a basis for Federal subject matter jurisdiction (*United States v Arnaiz*, 842 F2d 217, 220-221; *see, United Bonding Ins. Co. v Alexander*, 413 F2d 1025; *Rader v Manufacturers Cas. Ins. Co.*, 242 F2d 419, 427) which, in any event, would be concurrent jurisdiction as the statute explicitly provides. Nor does this case require interpretation of a Federal bail bond which would be governed by Federal law (*see, United States v Catino*, 562 F2d 1) but, even if it did, it is clear that a State court *may* exercise subject matter jurisdiction over a claim governed by Federal law (*see, Gulf Offshore Co. v Mobil Oil Corp.*, *supra*, at 481-482).

**3.** District Courts have exercised ancillary jurisdiction over disputes involving the disposition of bail and other funds on deposit with Federal courts (*see, e.g., United States v Van Cauwenberghe*, 934 F2d 1048 [motion under Fed Rules Crim Pro, rule 41 (e) for return of seized property]; *Landau v Vallen*, 895 F2d 888 [holding that bail funds may be attached incident to Federal civil action]; *United States v Arnaiz*, *supra* [motion under Fed Rules Crim Pro, rule 46 (f) to exonerate the bond]), with one court expressing the view that Federal courts should not abstain from resolving such disputes based on the existence of a concurrent State court proceeding (*see, United States v Rubenstein*, 971 F2d 288), but have not held that Federal jurisdiction is exclusive.